■ SAMSON MINTZ, as Administrator of the Estate of WILLIAM M. MINTZ, Deceased, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 47148.) — Appeal from a judgment of the Court of Claims, entered January 28, 1972, which dismissed, after trial, claims for the deaths of two college students. On May 6, 1966, the claimants' decedents herein drowned in a fierce and unexpected storm on Lake George while participating in an overnight canoe outing sponsored by the Intercollegiate Outing Clubs of America (hereinafter IOCA). As the decedents were students at the State University College at New Paltz (hereinafter University) at the time and were participating in the outing as part of the New Paltz Outing Club contingent, the administrators of their respective estates subsequently instituted these wrongful death actions, alleging that the deaths resulted from neglect of duty by the University in failing to properly supervise the outing, which it had encouraged, at least indirectly, as an extracurricular activity at the school. In dismissing both claims, the trial court ruled that to subject the State to liability in this instance would be to impose " an unfair burden inconsistent with

[the State's] obligation to provide educational facilities under present day standards." We agree that the claim should be dismissed. In so doing, we would first point out that the decedents were 20-year-old college students, assumedly cognizant of perilous situations and able to care for themselves, and not young children in need of constant and close supervision. Furthermore, for at least 10 years prior to 1966, these Lake George outings had been conducted by the IOCA without notable incident and, on the night in question, numerous precautions were taken to insure a safe passage. Thus, among other things, there was a motorboat escort and a flashing beacon light on a nearby island which served as a navigational aid. Also, veteran canoers were included in the entourage, and each canoe was equipped with a light and had its more experienced occupant stationed in the stern steering position. As to the University's failure to monitor the area weather forecast, a point strongly emphasized in claimants' brief, this task was customarily performed by the host club from Rensselaer Polytechnic Institute, and nothing in the record indicates that that club failed in its duty that night. Moreover, the available report did not presage anything unusual or particularly foreboding such as the sudden squall of exceptional ferocity which arose without warning on the lake shortly after the decedents embarked from the shore. Taking all of these factors into consideration, we find that all reasonable and necessary precautions were taken to guarantee a safe outing. Accordingly, it was the terribly severe and unforeseen weather conditions on the lake, and not any negligence on the part of the University, which were the proximate cause of the deaths herein (cf. *Bronstein v. City of New York*, 36 A D 2d 610, affd. 32 N Y 2d 630). Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.