■ EILEEN WELLS, as Administratrix of the Estate of NEILL M. WELLS, et al., Appellants, v BARD COLLEGE et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 23, 1991, which, *inter alia,* denied plaintiffs' motion to amend their complaint and which granted the cross-motion of defendants Bard College and the Board of Trustees of Bard College for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs' decedent, a 19 year old freshman student, died in his dormitory room after a brief illness, on September 14, 1987. The IAS Court properly determined that defendants had no obligation under either a tort or contract theory of liability to monitor the health of the decedent. New York has affirmatively rejected the doctrine of in loco parentis at the college level *(Eiseman v State of New York,* 70 NY2d 175, 190).

We note that during college orientation decedent was made aware of the extensive health care facilities provided by Bard College and that during his illness did not avail himself of such medical care. Further, there was no basis to conclude that defendant ever acquired actual or constructive notice of the seriousness of the decedent's illness or that defendants had any duty to seek medical assistance on his behalf *(see, Ivancic v Olmstead,* 66 NY2d 349; *Tsang King Fai v City of New York,* 172 AD2d 515). This is particularly so, under the circumstances herein, where the decedent, himself, did not believe that his illness was serious, as evidenced by his repeated refusal to seek medical attention, when this was suggested.

Finally, the IAS Court did not abuse its discretion in denying plaintiffs' motion to amend their complaint, for the first time, on the eve of trial, to add a cause of action for breach of an implied contract premised upon language in the Bard College bulletin that peer counsellors would be "responsible

for the safety and well-being of students in the residence halls". As previously noted there is no evidence that Bard College, or anyone else, could have been aware of the nature and extent of the decedent's illness, and consequently the proposed amendment was insufficient as a matter of law *(Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 28).

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Smith and Rubin, JJ.