(December 12, 1994)

■ SANDRA ADAMS, Appellant, v STATE OF NEW YORK, Respondent. [620 NYS2d 80] —In a negligence claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered February 23, 1993, which granted the motion of the State of New York for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

The claimant was walking between dormitories on the campus of the State University of New York at Farmingdale (hereinafter SUNY) when she was struck by a bullet which was allegedly fired from the window of one of the dormitories. At the time of the incident, the claimant was visiting the campus to attend a cultural event sponsored by SUNY. In her verified claim, the claimant alleged that the State was negligent in failing to provide reasonable security to those lawfully on the campus. On the State's motion for summary judgment, her claim was dismissed. We now affirm.

We find that the claimant's allegations regarding the lack of security provided to visitors on the campus involve the performance of the State's governmental function (see, e.g., Pugliese v City of New York, 115 AD2d 465). No liability arises from the performance of a governmental function absent a showing that a special duty of protection is owed to the claimant (see, Laura O. v State of New York, 202 AD2d 559; see also, Marilyn S. v City of New York, 134 AD2d 583, affd 73 NY2d 910; Bonner v City of New York, 73 NY2d 930). As the claimant failed to demonstrate the existence of a special

relationship giving rise to a duty of protection on which she relied, there is no legal basis for judgment in her favor on this theory of liability.

The claimant contends, however, that her allegations are sufficient to present a triable issue of fact as to whether the State was negligent in its proprietary capacity as owner, operator, and manager of the SUNY campus housing. In its proprietary capacity, the State has a duty to maintain minimal security measures in the face of foreseeable criminal intrusions (see, Miller v State of New York, 62 NY2d 506, 513; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519). We find that the claimant's conclusory and unsubstantiated allegations that there were broken windows and locks in the dormitory from which the shot was purportedly fired are insufficient to create a triable issue of fact as to whether the State breached its duty to maintain minimal security measures and whether that breach was a proximate cause of her injuries (see, Zuckerman v City of New York, 49 NY2d 557). Furthermore, the claimant failed to present admissible evidence of prior incidents on the campus which would have put the State on notice of criminal activity. Accordingly, her claim was properly dismissed. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.