■ MARK A. TALBOT, Appellant, v NEW YORK INSTITUTE OF TECHNOLOGY, Respondent. (And a Third-Party Action.) [639 NYS2d 135]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On January 2, 1990, at approximately 10:00 P.M., the plaintiff, a 19-year-old college student, was injured in a college dormitory room when a can of rubber cement placed on a table apparently was accidently ignited by cigarettes in an ashtray placed inches away. The burning rubber cement spilled on the plaintiff as another student was disposing of it. At the time of the accident, the plaintiff and other students were in a common room of a dormitory building of the defendant. A number of them were smoking cigarettes and some of the students who were architecture majors were working on their class projects using the rubber cement as an adhesive.

The plaintiff contends, inter alia, that the school was negligent in not properly supervising the students in their dormitory rooms and not instructing the architectural students in the safe use of rubber cement.

In granting the defendant's motion for summary judgment, the Supreme Court determined that the plaintiff failed to establish that the defendant breached a legal duty owed to him and that the alleged negligence was the proximate cause of his injuries.

It is well established that in order for a plaintiff to sustain a claim of common-law negligence, the plaintiff must initially establish that the defendant breached a legal duty owed to him and that the alleged negligence was a proximate cause of his injuries (see, Pulka v Edelman, 40 NY2d 781, 782; Moss v New York Tel. Co., 196 AD2d 492, 493). Whether a duty exists is a question of law for the court (see, Eiseman v State of New York, 70 NY2d 175, 187).

The Supreme Court properly determined that the defendant had no obligation to supervise the students' conduct in their dormitory rooms. New York has affirmatively rejected the doc-

trine of in loco parentis at the college level *(see, Eiseman v State of New York, supra,* at 190; *Wells v Bard Coll.,* 184 AD2d 304). The students in the room were aware of the presence of laboratories on campus which were available for the purpose of working on school projects, particularly when they included flammable materials *(see, Wells v Bard Coll., supra,* at 304). The architectural students in the room, including the plaintiff, were cognizant of the fact that rubber cement was flammable. They were also cognizant of the fact that cigarettes could ignite the rubber cement; they were "not young children in need of constant and close supervision" *(Mintz v State of New York,* 47 AD2d 570, 571).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Hart and Florio, JJ., concur.