■ DEAN ELLIS, Appellant, v MILDRED ELLEY SCHOOL, INC., Respondent. [667 NYS2d 86] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered February 19, 1997 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, age 31, and James Miller, age 48, were both

---

enrolled students at defendant, a business school. On November 17, 1994, plaintiff confronted Miller in the school cafeteria about an allegation that Miller had been seen looking through plaintiff's book bag. An argument and physical confrontation ensued. Plaintiff and Miller were separated by defendant's executive director, Robert Flynn, who had been summoned by defendant's Student Services Coordinator, Patricia Frazier. Miller was escorted to his classroom by Flynn; Frazier took plaintiff to her office, where she attempted to calm him and inquire into the nature of the dispute. Shortly thereafter, Miller appeared at Frazier's office, and the two men engaged in a second physical confrontation, during which Miller stabbed plaintiff.

Plaintiff commenced this negligence action against defendant, alleging in essence that defendant breached its duty to protect plaintiff from the dangerous conduct of Miller. After completion of discovery and examinations before trial, defendant moved for summary judgment. Supreme Court granted defendant's motion, finding that plaintiff failed to establish that defendant breached a legal duty owed to plaintiff. We affirm.

To prevail upon a negligence claim, plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation and damages. The existence of a legal duty presents a question of law for the court (*Eiseman v State of New York*, 70 NY2d 175; *Talbot v New York Inst. of Technology*, 225 AD2d 611).

Supreme Court first considered what, if any, duty was owed to plaintiff by virtue of the relationship between defendant, as a school, and plaintiff, as an enrolled student. It is well-settled that colleges "have no legal duty to shield their students from the dangerous activity of other students" (*Eiseman v State of New York, supra*, at 190). This principle derives from the rejection of the notion that a college stands in loco parentis so as to trigger a special duty of protection. Implicit in this rejection is recognition of the many factors which distinguish the relationship between a college and its students from that of lower-level learning institutions and their students. One such factor is the age and maturity of the students and the concomitant need for closer supervision of younger children (*see, Talbot v New York Inst. of Technology, supra; Mintz v State of New York*, 47 AD2d 570).

We find that Supreme Court properly considered defendant as the "functional equivalent" of a college. Much of plaintiff's argument on this point rests on the claim that defendant is not

a "college" within the meaning of Education Law § 2 (2), but rather is a non-degree granting business school, and that, as such, it cannot avail itself of the rule that a college is neither a guarantor nor insurer of the safety of its students (*see, Eiseman v State of New York, supra*). This argument is eminently unpersuasive, ignoring as it does the rationale behind the relaxed standard applicable to colleges and the parallel conditions existing at defendant.

The next inquiry undertaken by Supreme Court was whether defendant breached its duty, as a property owner, to exercise reasonable care for the protection of persons lawfully on its premises from reasonably foreseeable criminal or dangerous acts of third persons. This inquiry, in turn, entails a determination as to whether the property owner has either actual or constructive notice of the likelihood of dangerous conduct by a third person (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *Karp v Saks Fifth Ave.*, 225 AD2d 1014; *Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718).

Plaintiff contends that the record supports his claim that defendant was on requisite notice by virtue of the initial altercation between plaintiff and Miller, a threat made to plaintiff by Miller immediately prior to the second fight,* prior occasions when Miller had allegedly "spoken out" inappropriately in class and his claim that Miller always carried a knife and had expressed his readiness to use it.

While ordinarily issues of actual or constructive notice, and the consequent foreseeability of harm, present questions of fact, our careful review of the record supports Supreme Court's conclusion that no such material issues of fact existed as to whether defendant had actual or constructive notice of any danger to plaintiff.

The record discloses that plaintiff admitted that he never informed defendant's employees about any prior problems with Miller before the date of his injury, never informed them that Miller carried a knife, and that he did not ask for any assistance with respect to Miller after the first altercation. In fact, moments before Miller reappeared, plaintiff asked Frazier if he could leave her office and return to the cafeteria. Defendant's employees testified that they had no prior knowledge of any complaints or concerns regarding Miller, including any allegation that he carried a knife. As to defendant's notice by virtue

---

* Plaintiff testified at his examination before trial that, while he was in Frazier's office, Miller appeared in the doorway and said "I am going to get you, Big Guy". Frazier testified that Miller said nothing before entering her office and resuming the struggle with plaintiff.

of the earlier altercation, plaintiff established only that defendant's employees became aware of a physical struggle in the cafeteria between himself and Miller; they had no knowledge or information as to its cause or who the aggressor may have been. The second altercation occurred a very short time after the first, and without warning. Miller's alleged verbal threat, if it occurred at all, was made moments before the second altercation commenced, presenting defendant with no opportunity to act in response thereto. "[S]chool personnel cannot reasonably be expected to guard against * * * an injury caused by the impulsive, unanticipated act of a fellow student" (*Mirand v City of New York*, 84 NY2d 44, 49; *see, Ruchalski v Schenectady County Community Coll.*, 239 AD2d 687; *Silver v Sheraton-Smithtown Inn*, 121 AD2d 711).

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.