■ EILEEN McNEIL, Appellant, v WAGNER COLLEGE, Respondent. [667 NYS2d 397] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Garson, J.), dated August 28, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated April 16, 1997, which denied the plaintiff's motion, in effect, for reargument.

Ordered that the appeal from the order dated April 16, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 28, 1996, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff slipped on ice and broke her ankle in a town in Austria, which she was visiting as part of an overseas program arranged by the defendant Wagner College. She subsequently commenced this action against the defendant in which she claimed, *inter alia,* that she sustained permanent injuries as a result of the defendant's negligent supervision of her medical care. In particular, the plaintiff contended that Dr. James Mittelstadt, the administrator of the overseas program, assumed the duty to act as an interpreter for her in the Austrian hospital and that she suffered nerve damage due to his failure to inform her of the treating physician's recommendation that she undergo immediate surgery. Following discovery proceedings, the defendant moved for summary judgment, and the Supreme Court dismissed the complaint. We now affirm.

Initially, we reject the plaintiff's contention that the Supreme Court erred in considering the defendant's motion for summary judgment because two previous motions for such relief had been denied. The policy against multiple motions for summary judgment is not applicable here, as the previous motions were made in 1990, before discovery proceedings were completed (*see, Pough v Aegis Prop. Servs. Corp.,* 186 AD2d 52). The instant motion was based, in part, on the depositions of the plaintiff and Dr. Mittelstadt, which were held in 1991, as well as on affidavits obtained in 1995 and 1996 to the effect that the plaintiff's treating physician in Austria was fluent in English.

In any event, even if the plaintiff was correct that the orders

denying the defendant's prior motions for summary judgment constituted the law of the case, this Court is not bound by that doctrine and may consider the motion on its merits (*see, Detko v McDonald's Rests.,* 198 AD2d 208; *Freeze Right Refrig. & Air Conditioning Servs. v City of New York,* 101 AD2d 175).

The Supreme Court properly determined that the defendant had no obligation to supervise the plaintiff's health care following her accident. New York has rejected the doctrine of in loco parentis at the college level (*see, Talbot v New York Inst. of Technology,* 225 AD2d 611; *Wells v Bard Coll.,* 184 AD2d 304; *see also, Eiseman v State of New York,* 70 NY2d 175).

We also agree with the Supreme Court that the plaintiff failed to present sufficient evidence to raise a triable issue of fact as to her second theory of liability, i.e., that Dr. Mittelstadt voluntarily assumed a duty of care by acting as her interpreter at the hospital and that his breach of that duty placed her in a more vulnerable position than she would have been otherwise (*see, Heard v City of New York,* 82 NY2d 66, 72).

Assuming, arguendo, that the plaintiff was able to establish that Dr. Mittelstadt undertook the responsibility of acting as her interpreter, despite evidence that her treating physician could speak English, she failed to offer evidentiary proof to support her claim that Dr. Mittelstadt was told of the recommendation of immediate surgery and negligently withheld that information from her. The Supreme Court therefore properly dismissed the complaint.

The plaintiff did not offer a valid excuse for her failure to submit to the court in her original opposition to the defendant's motion for summary judgment the additional facts upon which her motion, denominated as one to renew or reargue, was based. Accordingly, the plaintiff's motion should properly be denominated as one for reargument, the denial of which is not appealable (*see, King v Rockaway One Co.,* 202 AD2d 395; *Chiarella v Quitoni,* 178 AD2d 502). Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.