■ VICTORIA RYDZYNSKI, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants. [692 NYS2d 694] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered August 17, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In order to be liable for common-law negligence, it must be shown that the defendant owed the plaintiff some duty (*Pulka v Edelman,* 40 NY2d 781, 782). The courts of this State have held that a school or learning facility does not stand in the position of in loco parentis to adult students attending classes (*see, Eiseman v State of New York,* 70 NY2d 175, 190; *Talbot v New York Inst. of Technology,* 225 AD2d 611, 612-613; *Wells v Bard Coll.,* 184 AD2d 304). This derives from the notion that adult students are capable of caring for themselves and making independent decisions (*Mintz v State of New York,* 47 AD2d 570, 571). In the present case, however, the record demonstrates that the program in which the adult plaintiff was enrolled was a rehabilitation program which provided simple vocational training to its students. Moreover, the plaintiff and the majority of the other students were mentally deficient and incapable of caring for themselves and making independent decisions. Thus, the defendants stood in loco parentis to the

plaintiff (*see, Mirand v City of New York,* 84 NY2d 44, 49; *Schrader v Board of Educ.,* 249 AD2d 741; *cf., Ellis v Mildred Elley School,* 245 AD2d 994, 995). Accordingly, the defendants owed a duty to the plaintiff to "adequately supervise" her and are "liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York, supra,* at 49; *see, Schrader v Board of Educ., supra*).

The Supreme Court properly determined that there exist questions of fact regarding whether the defendants possessed notice of the potential danger to the plaintiff due to the fact that the plaintiff's father expressed his concerns regarding the assailant and his daughter to the defendants' employee one week before the incident, whether the assailant's acts were foreseeable, and whether any breach by the defendants was a proximate cause of the plaintiff's injuries (*see, Bell v Board of Educ.,* 90 NY2d 944; *Parvi v City of Kingston,* 41 NY2d 553, 560; *Schrader v Board of Educ., supra; Ruchalski v Schenectady County Community Coll.,* 239 AD2d 687, 688; *Shante D. v City of New York,* 190 AD2d 356, *affd* 83 NY2d 948). Therefore, the defendants are not entitled to summary judgment. Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.