■ ADEDAYO AYENI, Respondent, v COUNTY OF NASSAU et al., Appellants. [794 NYS2d 412]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered December 11, 2003, which denied their motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court entered March 24, 2004, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered December 11, 2003, is dismissed, as that order was superseded by the order entered March 24, 2004, made upon reargument; and it is further,

Ordered that the order entered March 24, 2004, is reversed insofar as reviewed, on the law, the motion is granted, the order entered December 11, 2003, is vacated, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff, while attending Nassau Community College, allegedly sustained injuries when a fellow student struck him on the head with a tow-truck chain during an on-campus fight involving several individuals.

Contrary to the defendants' contention, under appropriate circumstances, a college or university may be held liable, under a theory of premises liability, for injuries sustained by a student while on campus (*see Tarnaras v Farmingdale School Dist.*, 264 AD2d 391 [1999]; *Ellis v Mildred Elley School*, 245 AD2d 994, 996 [1997]; *Adams v State of New York*, 210 AD2d 273, 274 [1994]). As property owners/occupiers, the defendants had a duty to exercise reasonable care to protect the plaintiff from reasonably foreseeable criminal or dangerous acts committed by third persons on campus (*see Ellis v Mildred Elley School, supra* at 996; *Adams v State of New York, supra* at 274).

However, the Supreme Court erred in denying the defendants' motion for summary judgment. The defendants made a prima facie showing of their entitlement to judgment as a matter of law by tendering evidence that the attack on the plaintiff was unforeseeable, and that, in any event, the defendants did not breach any duty owed to him (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the defendants' awareness that another altercation had taken place earlier that day involving individuals *other* than the plaintiff and his assail-

ant did not put them on notice that some of the participants in the earlier melee were planning a retaliatory action against the plaintiff and his friends (*see Ellis v Mildred Elley School, supra* at 996-997). To the contrary, the evidence in the record established that the defendants first learned of the connection between the two incidents only *after* the plaintiff had been attacked. Finally, assuming that it became clear to the defendants, at some point shortly before the fight, that it was about to take place, the plaintiff failed to articulate what more, if anything, the defendants could or should have done in that brief period of time to prevent or stop it. The plaintiff himself conceded that campus security officers arrived at the location of the incident almost immediately after the fight began, and assisted in holding back the crowd. Moreover, the alleged assailant was apprehended moments after the attack by campus security officers, as he was running from the scene, and both the police and emergency medical services were called and responded within minutes.

Under these circumstances, the defendants' motion should have been granted and the complaint dismissed (*see Adams v State of New York, supra*). H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.