■ DAVID LUINA, Appellant, v KATHARINE GIBBS SCHOOL NEW YORK, INCORPORATED, Respondent, et al., Defendants. [830 NYS2d 263]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated March 21, 2006, which granted the motion of the defendant Katharine Gibbs School New York,

Incorporated, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, while attending the college operated by the defendant Katharine Gibbs School New York, Incorporated (hereinafter Gibbs), allegedly sustained injuries when a fellow student, the defendant Louis Brown, punched him in the face during an altercation in their classroom before the start of the class.

To prevail on a negligence claim, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. The existence of a legal duty presents a question of law for the court (*see Eiseman v State of New York*, 70 NY2d 175 [1987]; *Talbot v New York Inst. of Tech.*, 225 AD2d 611 [1996]).

New York has affirmatively rejected the doctrine of in loco parentis at the college level and colleges "in general have no legal duty to shield their students from the dangerous activity of other students" (*Eiseman v State of New York, supra* at 190; *see Rydzynski v North Shore Univ. Hosp.*, 262 AD2d 630 [1999]; *Ellis v Mildred Elley School*, 245 AD2d 994, 995 [1997]; *Talbot v New York Inst. of Tech.*, 225 AD2d at 612-613). However, under appropriate circumstances, a college may be held liable for injuries sustained by a student while on campus (*cf. Ayeni v County of Nassau*, 18 AD3d 409, 410 [2005]; *Ellis v Mildred Elley School*, 245 AD2d at 996; *Adams v State of New York*, 210 AD2d 273, 274 [1994]). Here, as a property owner/occupier, Gibbs had a duty to exercise reasonable care to protect the plaintiff from reasonably foreseeable criminal or dangerous acts committed by third persons on its premises (*see Ayeni v County of Nassau, supra; Ellis v Mildred Elley School, supra; Adams v State of New York, supra*).

Gibbs established its prima facie entitlement to judgment as a matter of law by tendering evidence that it did not breach any duty owed to the plaintiff and the single punch by fellow classmate Brown was a sudden, unexpected, and unforeseeable act (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Ayeni v County of Nassau, supra; Janukajtis v Fallon*, 284 AD2d 428 [2001]; *Ellis v Mildred Elley School, supra*, 245 AD2d at 997). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Diane F. v State of New York*, 29 AD3d 732 [2006]; *Adams v State of New York*, 210 AD2d 273, 274 [1994]).

Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint insofar as as-

serted against Gibbs. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.