In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Woodard, J), dated January 4, 2012, as granted the motion of the defendants Long Island University and C.W Post College of Long Island University pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, who at the time was a student at C.W Post College of Long Island University, allegedly sustained personal injuries while “pledging” or “rushing” for membership in the Kappa Sigma Fraternity Omicron-Beta Chapter (hereinafter the Fraternity). The plaintiff commenced this action alleging, inter alia, that the defendants Long Island University and C.W Post College of Long Island University (hereinafter together the University defendants) were negligent in failing to supervise and control the activities of the Fraternity. The University defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them. The Supreme Court concluded that they were entitled to dismissal on both grounds, and granted their motion. We affirm, but conclude that dismissal pursuant to CPLR 3211 (a) (1) was improper.
Dismissal pursuant to CPLR 3211 (a) (1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiffs factual allegations, and conclusively disposes of the plaintiff’s claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Held v Kaufman, 91 NY2d 425, 430-431 *795 [1998]; Parekh v Cain, 96 AD3d 812, 815 [2012]; Sato Constr. Co., Inc. v 17 & 24 Corp., 92 AD3d 934, 935-936 [2012]). To qualify as documentary evidence, the evidence “must be unambiguous and of undisputed authenticity” (Fontanetta v John Doe 1, 73 AD3d 78, 86 [2010]; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808 [2012]).
Here, the documents submitted by the University defendants, which included a medical leave request form with an annexed letter from the plaintiffs physician, do not constitute documentary evidence for the purposes of a motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) (see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [2010]). Moreover, the evidence fails to utterly refute the plaintiffs allegations regarding the University defendants’ negligence. Consequently, the Supreme Court should not have directed dismissal of the complaint pursuant to CPLR 3211 (a) (1).
The Supreme Court, however, properly directed dismissal of the complaint pursuant to CPLR 3211 (a) (7). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the alleged facts in the complaint as true and afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Baron v Galasso, 83 AD3d 626, 628 [2011]; Sokol v Leader, 74 AD3d 1180, 1181 [2010]). Moreover, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint and, upon considering such affidavits, the facts alleged therein must also be assumed to be true (see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2011]; Pike v New York Life Ins. Co., 72 AD3d 1043, 1049 [2010]).
To prevail on a cause of action alleging negligence, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. “Absent a duty of care, there is no breach, and without breach there can be no liability” (Fox v Marshall, 88 AD3d 131, 135 [2011], citing Pulka v Edelman, 40 NY2d 781, 782 [1976]). The existence of a legal duty presents a question of law for the court (see Eiseman v State of New York, 70 NY2d 175, 189 [1987]; Talbot v New York Inst. of Tech., 225 AD2d 611, 612 [1996]). “New York has affirmatively rejected the doctrine of in loco parentis at the college level and colleges ‘in general have no legal duty to shield their students from the dangerous activity of other students’ ” (Luina v Katharine Gibbs School N.Y., Inc., 37 AD3d 555, 556 [2007], quoting Eiseman v State of New York, 70 NY2d at 190; see Rydzynski v North Shore Univ. Hosp., 262 AD2d 630, 630 *796 [1999]). A duty, however, may be imposed upon a college where it has encouraged its students to participate in an activity and taken affirmative steps to supervise and control the activity (see Hores v Sargent, 230 AD2d 712, 712 [1996]).
Here, the plaintiffs allegations, even as supplemented by his affidavit, failed to sufficiently allege that the University defendants owed the plaintiff a duty with respect to the Fraternity’s initiation process. Specifically, the plaintiff did not sufficiently allege that the University defendants’ involvement in the Fraternity’s initiation process was of a degree that gave rise to a duty (see Rothbard v Colgate Univ., 235 AD2d 675, 676 [1997]; Lloyd v Alpha Phi Alpha Fraternity, 1999 WL 47153, *3, 1999 US Dist LEXIS 906, *7 [ND NY 1999]). Consequently, the plaintiff failed to state a cause of action to recover damages for negligent supervision as against the University defendants. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.