OPINION OF THE COURT
Per Curiam.
Order, entered April 17, 2012, reversed, with $10 costs, motion denied and complaint reinstated.
Plaintiff, then a 19-year-old high school graduate, fell and injured her knee at a kibbutz in Israel, which she was visiting as part of a 10-month, “gap year,” travel-study program run under the auspices of the defendant synagogue. This personal injury action followed, with plaintiff alleging, inter alia, that defendant negligently supervised her medical care following the accident by refusing to arrange for and/or take her to physical therapy recommended by the examining physician in Israel. It is alleged that timely physical therapy would have prevented atrophy of the knee and leg, led to a more favorable postsurgical result, and reduced plaintiffs recovery period.
Defendant’s motion for summary judgment dismissing the complaint on the ground that it owed no duty to plaintiff should have been denied. It is true, as defendant argues, that New York has affirmatively rejected the doctrine of in loco parentis at the college level, with case law precedent holding that a college has no obligation to monitor or supervise a student’s health care following an accident (see McNeil v Wagner Coll., 246 AD2d 516, 517 [1998]; see also Wells v Bard Coll., 184 AD2d 304 [1992], Iv dismissed in part and denied in part 80 NY2d 971 [1992]). However, we are not prepared to say on the record so far developed that the holdings of those cases are properly analogized to the situation at bar involving injuries allegedly sustained by a participant in a “gap year,” study abroad program.
While the record sheds limited light on the precise nature and contours of the program, it does appear that the main centers of activity were the cities of Jerusalem and Yerucham, with the participants visiting a number of other, sometimes remote, loca *111 tions throughout the country. Defendant’s program director explained in his examination before trial that if a participant needed to see a doctor while the group was in Jerusalem for “something which is simple,” he or she could seek help without assistance at a nearby medical center. However, if a more serious matter arose “a staff member [would] usually go with [the participant],” and on occasions when the group was in a more remote locale, defendant typically would arrange for transportation. In opposition, plaintiff asserted that when she initially injured her knee at the kibbutz, she relied on defendant’s representatives to bring her to the hospital because she was “in a foreign country in a remote and unknown place with no way of knowing how to get to a hospital and with limited knowledge of the language.” She also alleged, without contradiction, that at the time physical therapy was recommended as a treatment plan, the group was staying in Yerucham, where no physical therapy facilities were located. Plaintiff emphasized that as a
“teenager in a foreign country where [she] was not fluent in the language, [she] did not know how to navigate the insurance requirements for Israeli medical care . . . did not know how to find a physical therapist and set up a treatment plan . . . [and] did not have the money to take taxis back and forth to the nearest city for treatment.”
Viewing the evidence in the light most favorable to plaintiff, the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we find that plaintiff alleged sufficient facts at this juncture to withstand summary judgment. Mixed questions of law and fact are raised as to whether defendant owed plaintiff a duty to supervise her medical care in the unusual circumstances of the fact pattern here presented. Were such a duty found to be owed, several additional issues would need to be resolved, including whether defendant breached that duty by failing to arrange physical therapy treatments on plaintiff’s behalf and whether any such breach exacerbated plaintiff’s injuries or otherwise caused her compensable damages. Contrary to the determination below, the affirmation submitted by plaintiffs medical expert was sufficient to raise a triable issue as to whether defendant’s alleged inaction prolonged plaintiffs recovery.
Lowe, III, RJ., Shulman and Torres, JJ. concur.