*1063 OPINION OF THE COURT
Daniel R. Palmieri, J.
Defendant’s motion (sequence No. 001) for summary judgment pursuant to CPLR 3212 is denied as set forth herein. However, plaintiff does not oppose that portion of the motion which seeks summary judgment on a claim of negligent hiring and retention of nonparty Rizvi, a teaching assistant (TA). (Segal v St. John’s Univ., 69 AD3d 702 [2d Dept 2010].) Accordingly, that claim is dismissed.
All requests for relief not specifically addressed are denied.
This action arises out of an accident that took place in a chemistry laboratory class at Cornell University on June 25, 2009, during a regularly scheduled summer school class for high school and college students. Plaintiff, then aged 17, and rising from junior to senior year of high school, was injured on her first day of the class while performing a liquid chemistry test which required the use of a glass volumetric pipette in combination with a rubber suction bulb. Plaintiff was in the process of manipulating the pipette and bulb when the former broke, causing injury.
Plaintiff previously had filled out a one-page questionnaire in which she stated that she had a “high school level chemistry class” and was interested in chemistry. She received “credit” for the summer class but it was not (as defendant contends) identified as college credit. The class instructor was not present during the experiment, and did not witness the event. The TA who was present has not submitted an affidavit as to her knowledge of the facts.
Defendant contends that a “Lab Manual” distributed to the students, and which plaintiff acknowledges she studied, contains adequate instructions for a liquid density test. However, a perusal of the instructions reveals sparse information, consisting of an eight-line paragraph as to how the experiment was to have been performed. Moreover, defendant does not deny plaintiff’s assertion that little or no instructions were given by the instructor (who was not present) or the TA, who as noted has not submitted any evidence.
Plaintiffs previously disclosed expert states that the instructions provided were inadequate. Defendant’s expert — who since 2014 has been working for defendant — states that it is standard practice for a TA to teach and supervise the lab component of a college course. Plaintiff requests that the court disregard *1064 this affidavit because the “expert” was not previously disclosed, but the court will consider it. Plaintiff has not given any evidence of having made a request for expert witness disclosure and in any event the court chooses to exercise its discretion to consider the affidavit (Kozlowski v Oana, 102 AD3d 751 [2d Dept 2013]).
However, the court finds that the affidavit fails to establish a prima facie showing of lack of negligence, fails to establish any expertise on the field of teaching summer school to high school students, and addresses only the practice of using a TA in the lab. It does not address the adequacy of the lab manual or the events on the day of the incident.
The court notes a failure to account for a three-year gap in the expert’s resume, or, as indicated, any experience with high school students. During the period of 2006-2011, during which the accident happened, the expert was a graduate student and not a TA. He fails to qualify his opinion based upon what was prevalent in higher education at that time.
The affidavit of the instructor, who was not present, is also offered as expert testimony. However this affidavit is self-serving, bereft of facts, predicated in part on hearsay from unknown sources and is based primarily on her experiences at Cornell. In sum, it is of minimal probative value and insufficient to ground this motion.
The law on summary judgment is well settled. Summary judgment is a drastic remedy which should not be granted where there is any doubt about the existence of a triable issue of fact. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Bhatti v Roche, 140 AD2d 660 [2d Dept 1988].) It is nevertheless an appropriate tool to weed out meritless claims. (Lewis v Desmond, 187 AD2d 797 [3d Dept 1992]; Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168 [3d Dept 1981].) Even where there are some issues in dispute in the case which have not been resolved, the existence of such issues will not defeat a summary judgment motion if, when the facts are construed in the nonmoving party’s favor, the moving party would still be entitled to relief. (Brooks v Blue Cross of Northeastern N.Y., 190 AD2d 894 [3d Dept 1993].)
Generally speaking, to obtain summary judgment it is necessary that the movant establish its claim or defense by the tender of evidentiary proof in admissible form sufficient to warrant the court, as a matter of law, in directing judgment in its favor (CPLR 3212 [b]), which may include deposition tran *1065 scripts and other proof annexed to an attorney’s affirmation. (Olan v Farrell Lines, 64 NY2d 1092 [1985].) Absent a sufficient showing, the court should deny the motion, irrespective of the strength of the opposing papers. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].)
If a sufficient prima facie showing is made, however, the burden then shifts to the nonmoving party. To defeat the motion for summary judgment the opposing party must come forward with evidence to demonstrate the existence of a material issue of fact requiring a trial. (CPLR 3212 [b]; see also GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980].) The nonmoving party must lay bare all of the facts at its disposal regarding the issues raised in the motion. (Mgrditchian v Donato, 141 AD2d 513 [2d Dept 1988].) Conclusory allegations are insufficient (Zuckerman v City of New York), and the defending party must do more than merely parrot the language of the complaint or bill of particulars. There must be evidentiary proof in support of the allegations. (Fleet Credit Corp. v Hutter & Co., 207 AD2d 380 [2d Dept 1994]; Toth v Carver St. Assoc., 191 AD2d 631 [2d Dept 1993].) Nor can mere speculation serve to defeat the motion. (Pluhar v Town of Southampton, 29 AD3d 975 [2d Dept 2006]; Ciccone v Bedford Cent. School Dist., 21 AD3d 437 [2d Dept 2005].)
However, the court must draw all reasonable inferences in favor of the nonmoving party. (Nicklas v Tedlen Realty Corp., 305 AD2d 385 [2d Dept 2003]; Rizzo v Lincoln Diner Corp., 215 AD2d 546 [2d Dept 1995].) The role of the court in deciding a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but simply to determine whether such issues of fact requiring a trial exist. (Dyckman v Barrett, 187 AD2d 553 [2d Dept 1992]; Barr v County of Albany, 50 NY2d 247, 254 [1980]; James v Albank, 307 AD2d 1024 [2d Dept 2003]; Heller v Hicks Nurseries, 198 AD2d 330 [2d Dept 1993].)
The court need not, however, ignore the fact that an allegation is patently false or that an issue sought to be raised is merely feigned (see Village Bank v Wild Oaks Holding, 196 AD2d 812 [2d Dept 1993]; Barclays Bank of N.Y. v Sokol, 128 AD2d 492 [2d Dept 1987]), such as when the affidavit in opposition clearly contradicts earlier deposition testimony. (Central Irrigation Supply v Putnam Country Club Assoc., LLC, 27 AD3d 684 [2d Dept 2006].)
*1066 Defendant contends that plaintiff’s affidavit on this motion is feigned because it contradicts her deposition testimony, relying on portions of plaintiff’s two-day 115-page deposition. However, there is no clear contradiction as to the essential facts and no evidence that the affidavit has been tailored. (Cf. Castro v City of New York, 94 AD3d 1032, 1033 [2d Dept 2012] [“clearly. . . feigned”]; see also Phillips v Bronx Lebanon Hosp., 268 AD2d 318 [1st Dept 2000].) Rather, defendant’s claim of contradiction is based on interpretation, nuance and speculation. It cannot be said that plaintiff’s affidavit clearly contradicts, materially or directly, her previous testimony. Moreover, evidence in the record, apart from the affidavit itself can raise a triable issue of fact notwithstanding contradicting deposition testimony. (Fields v Lambert Houses Redevelopment Corp., 105 AD3d 668, 671 [1st Dept 2013].) Here, based on all the evidence it cannot be said that any perceived contradictions in the deposition justify ignoring all of the other evidence which supports denial of summary judgment.
More fundamentally, defendant contends that because the accident took place in a college class its duty to supervise the plaintiff was that of a college to a student and not of a party in loco parentis to the student. (See Pasquaretto v Long Is. Univ., 106 AD3d 794 [2d Dept 2013]; Matter of Fulton-Montgomery Community Coll. v County of Saratoga, 80 AD3d 217 [3d Dept 2010]; Luina v Katharine Gibbs School N.Y., Inc., 37 AD3d 555 [2d Dept 2007].)
This position ignores certain facts in this record. Defendant claims that plaintiff received “college” credit for her course but her testimony merely states “credits,” not college credit.
The class itself consisted of a combination of high school and college students. The type of “credit” received by the students is not explained and thus college credit cannot be assumed. Defendant further claims plaintiff was familiar with chemistry and “pipettes” but her deposition does not support such a conclusion. Plaintiff was 17 years of age, a high school junior going to senior who had taken one high school chemistry course. She was not a college student. There is no evidence that plaintiff possessed any special skills in chemistry lab tests and plaintiff specifically testified that she was not familiar with the use of the pipette with which she was injured.
The affidavit and deposition of the instructor are of limited probative value since she was not there and had no contact with the plaintiff or the class. The instructor knew that *1067 plaintiff had been excused from the first lab class consisting of instructions and safety issues. Her ruminations about the TA are all conjecture. To the extent that the instructor renders any opinions about the conduct of the lab class they are rebutted by the opinions of plaintiff’s expert.
It is correct that New York has affirmatively rejected the doctrine of in loco parentis at the college level and colleges in general have no legal duty to shield their students. In this case, however, factual issues remove the present case from the reach of this law.
The courts of this state have held that a school or learning facility does not stand in the position of in loco parentis to adult students attending classes. (See Eiseman v State of New York, 70 NY2d 175, 190 [1987]; Talbot v New York Inst. of Tech., 225 AD2d 611 [2d Dept 1996]; Wells v Bard Coll., 184 AD2d 304 [1st Dept 1992].) This derives from the notion that adult students are capable of caring for themselves and making independent decisions. (See Mintz v State of New York, 47 AD2d 570 [3d Dept 1975]; Rydzynski v North Shore Univ. Hosp., 262 AD2d 630 [2d Dept 1999].)
However under appropriate circumstances a greater duty has been held to apply and as indicated above the court finds that there are sufficient facts in this case to warrant denial of summary judgment. (See Rydzynski v North Shore Univ. Hosp.; Katz v United Synagogue of Conservative Judaism, 42 Misc 3d 109 [App Term, 1st Dept 2014].)
The general standard applicable to secondary school students teaches that schools are not insurers of safety as they cannot reasonably be expected to continuously supervise and control all movements and activities of students. (Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d 387 [2d Dept 2004].) However schools are obligated to exercise such care of their students as a parent of ordinary prudence would observe in comparable circumstances. (David v County of Suffolk, 1 NY3d 525 [2003].) In discharging this obligation, schools cannot reasonably be expected to continuously supervise and control all movements and activities of students. (Mirand v City of New York, 84 NY2d 44 [1994]; Doe v Orange-Ulster Bd. of Coop. Educ. Servs.)
Further, a school is not liable if there is no indication that more intense supervision could have averted the incident. (Navarra v Lynbrook Pub. Schools Lynbrook Union Free School Dist., 289 AD2d 211 [2d Dept 2001]; Ancewicz v Western Suffolk BOCES, 282 AD2d 632 [2d Dept 2001].)
*1068 It certainly is true that schools are under a duty to adequately supervise students in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. (Mirand v City of New York.) However, for a school to breach this duty so as to be liable for foreseeable injuries proximately related to the absence of adequate supervision, the school must have sufficient specific knowledge or notice of the dangerous condition which caused the injury, that is, that the injury causing event could reasonably have been anticipated. (Ronan v School Dist. of City of New Rochelle, 35 AD3d 429 [2d Dept 2006]; Swan v Town of Brookhaven, 32 AD3d 1012 [2d Dept 2006]; In-Ho Yu v Korean Cent. Presbyt. Church of Queens, 303 AD2d 369 [2d Dept 2003].)
Based on the record before it, the court finds that the defendant has not made a prima facie showing of entitlement to judgment as a matter of law. It has not demonstrated that the accident was not the result of inadequate or poor supervision, or that it was the result of a voluntary sudden action of plaintiff. Rather, a question of fact is presented as to whether any temporary inattention of the TA or lack of proper instructions were causes of the accident. (Reardon v Carle Place Union Free School Dist., 27 AD3d 635 [2d Dept 2006]; Botti v Seaford Harbor Elementary School Dist. 6, 24 AD3d 486 [2d Dept 2005]; Cerrato v Carapella, 22 AD3d 701 [2d Dept 2005]; see generally Mirand v City of New York, 84 NY2d 44 [1994].) Thus, defendant has not demonstrated that the supervision was adequate. It is a question of fact as to whether the level of supervision provided for the plaintiff was at least that which a prudent parent would have provided, or that the incident happened so unexpectedly that no reasonable amount of supervision could have prevented it. (Cranston v Nyack Pub. Schools, 303 AD2d 441 [2d Dept 2003].)
Relatedly, the defendant has not established prima facie that it is free of comparative fault and that the sole and only cause of the accident was the negligence of the plaintiff. (Ayala v Jasons Towing, Inc., 105 AD3d 689 [2d Dept 2013].) Further, a party may not establish entitlement to summary judgment merely by pointing to gaps in the opponent’s proof. (Falah v Stop & Shop Cos., Inc., 41 AD3d 638 [2d Dept 2007].)
In sum, defendant has not made a prima facie showing of entitlement to summary judgment because its own submissions raise questions of fact relating to the adequacy of the safety instructions given, the creation of the condition, whether *1069 it was a dangerous situation, the adequacy of the supervision on the day of the accident and absence of comparative fault.
Moreover even if it be said that defendant has made a prima facie showing of entitlement to relief, plaintiff has by her own testimony and affidavit as well as the affidavit of her expert demonstrated material issues of fact as to the standards to be followed in connection with lab classes of the type in this action.
Hence, based on the foregoing the defendant’s motion for summary judgment is denied.