Fitzsimons v Brennan (2019 NY Slip Op 01200)





Fitzsimons v Brennan


2019 NY Slip Op 01200


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07838
 (Index No. 11561/12)

[*1]Maryanne Fitzsimons, etc., et al., appellants,
v
Kevin Brennan, et al., defendants, Marist College, respondent.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser, Brian J. Shoot, and Deanne M. Caputo of counsel), for appellants Maryanne Fitzsimons and Robert Fitzsimons, as administrators of the estate of Kerry Fitzsimons, and individually, and Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Daniel Solinsky of counsel), for appellants Jeffrey Block and Barbara Stark Block as co-administrators of the estate of Eva Ryan Block, and Jeffrey Block, individually (one brief filed).
Wade Clark Mulcahy, New York, NY (Paul F. Clark and Peter A. Luccarelli III of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for wrongful death, etc., the plaintiffs Maryanne Fitzsimons and Robert Fitzsimons, as administrators of the estate of Kerry Fitzsimons, and individually, appeal, and the plaintiffs Jeffrey Block and Barbara Stark Block, as co-administrators of the estate of Eva Ryan Block, and Jeffrey Block, individually, separately appeal, from an order of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated May 17, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Marist College which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Kerry Fitzsimons (hereinafter Kerry) and Eva Ryan Block (hereinafter Eva) were students at Marist College. During the 2011-2012 school year, they lived in an off-campus house (hereinafter the Brennan house) owned by the defendants Kevin Brennan and Kristine Brennan (hereinafter together the Brennans). Marist College made available to its students a list of off-campus housing, which included the Brennan house.
On January 21, 2012, Kerry, Eva, and a third person died in a fire in the Brennan house. Maryanne Fitzsimons and Robert Fitzsimons, individually and as administrators of Kerry's estate (hereinafter together the Fitzsimons plaintiffs), subsequently commenced a wrongful death action against the Brennans and Marist College. Jeffrey Block and Barbara Stark Block, as co-administrators of Eva's estate, and Jeffrey Block, individually (hereinafter together the Block plaintiffs), commenced a separate wrongful death action, also against the Brennans and Marist College. The Supreme Court consolidated the two actions.
Marist College moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated May 17, 2016, the Supreme Court granted the motion. The Fitzsimons plaintiffs and the Block plaintiffs separately appeal from so much of the order as granted that branch of Marist College's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
"The threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232). In the context of this action, a critical consideration in determining whether such a duty exists is whether Marist College's relationship with either the Brennans or Kerry and Eva placed the college in the best position to protect against the risk of harm (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 572). Also relevant is the principle that "one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully" (Moch Co. v Rensselaer Water Co., 247 NY 160, 167 [internal quotation marks omitted]).
Under the circumstances of this case, we agree with the Supreme Court's determination that Marist College did not owe a duty of care to Kerry and Eva. Contrary to the plaintiffs' argument, Marist College demonstrated, prima facie, that it did not owe a duty to ensure that the off-campus housing listed on its website, which included the Brennan house, complied with all relevant fire safety standards. Even if, in theory, Marist College could have refused to list landlords on its website unless each landlord's off-campus housing met all relevant fire safety laws and regulations, imposing such a requirement on the college is simply not warranted because the college is not "in the best position to protect against the risk of harm" (Hamilton v Beretta U.S.A. Corp., 96 NY2d at 233). In this regard, it bears recalling that the doctrine of in loco parentis has no application at the college level (see Pasquaretto v Long Is. Univ., 106 AD3d 794, 795; McNeil v Wagner Coll., 246 AD2d 516, 516-517). Adult students who chose to live off campus, as well as the private landlords with whom they enter into a contractual relationship, are in the best position to ensure that off-campus apartments and houses have the required number of smoke detectors and other fire safety features. While the risk of fire is all too foreseeable—often with tragic consequences, as this case demonstrates—"[f]oreseeability, alone, does not define duty—it merely determines the scope of the duty once it is determined to exist" (Hamilton v Beretta U.S.A. Corp., 96 NY2d at 232).
Moreover, Marist College also demonstrated, prima facie, that it did not assume a duty to ensure that the Brennan house was safe for Kerry and Eva to live in, as the college did not engage in any conduct that may have induced Kerry and Eva to forgo some opportunity to avoid risk, thereby placing them "in a more vulnerable position than [they] would have been in had [Marist College] done nothing" (Heard v City of New York, 82 NY2d 66, 72; see Malpeli v Yenna, 81 AD3d 607, 608-609). In fact, the evidence shows, among other things, that Kerry and Eva found the Brennan house because they knew some of the students who had been renting it.
In response to Marist College's prima facie showing that it did not owe a duty to Kerry and Eva, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of Marist College's motion which for summary judgment dismissing the complaint insofar as asserted against it.
In light of the foregoing, we need not reach the plaintiffs' remaining contentions.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court