Singh v State of New York (2019 NY Slip Op 07933)





Singh v State of New York


2019 NY Slip Op 07933


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07603

[*1]Nirmal Singh, appellant,
v
State of New York, et al., respondents. (Claim No. 125573)


Kohan Law Group, P.C., Manhasset, NY (Patricia Y. Medina and Joshua Lockamy of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Mark H. Shawhan of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Faviola A. Soto, J.), dated February 24, 2017. The judgment, after a nonjury trial, is in favor of the defendants and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
The claimant allegedly sustained personal injuries when, after a concert and while at the Queens College campus of the City University of New York, he was assaulted by an individual he knew. He commenced this claim against the State of New York and the City University of New York (hereinafter together the defendants) to recover damages for personal injuries, alleging, inter alia, that the defendants breached their duty to provide adequate security. After a nonjury trial, the Court of Claims issued a judgment dismissing the claim. The claimant appeals.
We agree with the determination of the Court of Claims dismissing the claim. The defendants' decision regarding the level of security to be provided at the concert was based on the exercise of their reasoned judgment, which entitled them to governmental immunity (see Bonner v City of New York, 73 NY2d 930; McEnaney v State of New York, 267 AD2d 748; Rashed v State of New York, 232 AD2d 394; Adams v State of New York, 210 AD2d 273). When a municipality acts in a governmental capacity, a plaintiff may not recover without proving that the municipality owed a "special duty" to the injured party (Valdez v City of New York, 18 NY3d 69, 75). Since there is no evidence of an affirmative undertaking by the defendants to act on behalf of the claimant, nor any evidence of the claimant's reliance upon such an undertaking, the claimant failed to establish that a special duty existed between him and the defendants (see Cuffy v City of New York, 69 NY2d 255).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court