| **Grebinger v City of New York** |
|:---:|
| 2025 NY Slip Op 30529(U) |
| February 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160389/2019 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-----------------------------------------------------------------------X

NORKA GREBINGER, as the Administrator of the Estate of
ALEXANDER FELICIANO, Deceased,

         Plaintiff,

- v -

THE CITY OF NEW YORK, ASSOCIATION FOR THE HELP
OF RETARDED CHILDREN, INC.,717 SUBSIDIARY,
LLC,ACHS MANAGEMENT CORP.,

         Defendant.

--------------------------------------------------------------X

717 SUBSIDIARY, LLC, ACHS MANAGEMENT CORP.

         Plaintiff,

-against-

ROCK GROUP NY CORP.

         Defendant.

--------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160389/2019 |
| MOTION DATE | 05/24/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595727/2024

The following e-filed documents, listed by NYSCEF document number (Motion 004) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 137, 138, 139, 140, 142

were read on this motion to/for      JUDGMENT - SUMMARY      .

Upon the foregoing documents, and after oral argument, which took place on November 12, 2024, where Justine B. Uy, Esq., appeared for Plaintiff Norka Grebinger as the Administrator of the Estate of Alexander Feliciano ("Plaintiff"), Eric Koplowitz, Esq. appeared for Defendants AHRC New York City i/s/h/a Association for the Help of Retarded Children Inc. ("Moving Defendant" or "AHRC"), and Lauren Turkel, Esq. appeared for Defendants 717 Subsidiary, LLC and ACHS Management Corp., AHRC's motion for summary judgment dismissing Plaintiff's Complaint and any and all crossclaims is granted in part and denied in part.

160389/2019 FELICIANO, ALEXANDER vs. CITY OF NEW YORK
Motion No. 004

Page 1 of 4

## I.     Background

Alexander Feliciano ("Decedent"), an adult with developmental disabilities, attended an AHRC program. As part of the program, AHRC took Decedent and others on various trips, including to restaurants and movie theaters. On November 16, 2018, AHRC took Decedent and others on a trip to Kellogg's Cafeteria in Union Square. Two AHRC employees were supervising the trip when Decedent fell on ice on the sidewalk located at the intersection of 7th Avenue and 17th Street in Manhattan. AHRC now moves for summary judgment seeking dismissal of Plaintiff's Complaint and all crossclaims asserted against them.

## II.     Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As a preliminary matter, Defendants 717 Subsidiary, LLC and ACHS Management Corp. have not opposed dismissal of their crossclaims asserted against the Moving Defendant, and therefore the crossclaims are dismissed as abandoned.

However, the Court denies Moving Defendant's motion to dismiss Plaintiff's Complaint. Here, there is evidence that Moving Defendant's employees were not following AHRC guidelines which required that the employees "always walk with or behind" AHRC attendees (NYSCEF Doc.

**160389/2019   FELICIANO, ALEXANDER vs. CITY OF NEW YORK**                    **Page 2 of 4**
**Motion No. 004**

2 of 4

[* 2]

139). It is undisputed that employees were walking in front of Plaintiff when he was injured. Further, Ms. Bernard admitted it is part of her job is to intervene when program attendees are "horsing around" to make sure attendees don't hurt themselves (NYSCEF Doc. 102 at 55) but that did not take place here. It is a triable issue of fact as to whether Decedent's accident could have been prevented if Ms. Bernard and her colleague were following AHRC protocols (*see generally IDX Capital, LLC v Phoenix Partners Group*, 83 AD3d 569 [1st Dept 2011] [court's role on summary judgment is issue finding, not issue resolution]).

Although Moving Defendant relies on the First Department's decision in *Gomes v Boy Scouts of America*, 161 AD3d 560 (1st Dept 2018), the Court finds the facts of this case to be distinguishable. In *Gomes*, the plaintiff was injured while attending a camping trip and running in the dark away from an outdoor shower where horseplay was going on. The First Department found that in such an instance, there was a lack of a possibility for visual supervision or verbal intervention from supervisors, and plaintiff failed to show the accident was foreseeable. However, here, the Decedent was in the proximity of AHRC employees, and the accident may have been foreseeable as AHRC set forth guidelines that required its employees to walk "with or behind" AHRC attendees, a guideline which was not being followed at the time of the accident. Moreover, the evidence shows the Decedent was a developmentally disabled individual with Parkinson's disease and a seizure condition. While there is evidence that Decedent was able to travel independently, it is for a jury to decide whether AHRC's supervision of Decedent at the time of his accident was reasonable under the circumstances (*see, e.g. Rydzynski v North Shore University Hosp.*, 262 AD2d 630 [2d Dept 1999]).

**160389/2019 FELICIANO, ALEXANDER vs. CITY OF NEW YORK**
Motion No. 004

**Page 3 of 4**

Accordingly, it is hereby,

ORDERED that AHRC's motion for summary judgment dismissing Plaintiff's Complaint and any and all crossclaims is granted in part and denied in part; and it is further

ORDERED that AHRC's motion is granted to the extent that Defendants 717 Subsidiary, LLC and ACHS Management Corp. asserted against it is granted without opposition; and it is further

ORDERED that AHRC's motion is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| 2/13/2025 | _May V Rosado JSC_ |
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160389/2019   FELICIANO, ALEXANDER vs. CITY OF NEW YORK                    Page 4 of 4
Motion No. 004

4 of 4