LUCY BOLSTER, Appellant, *v.* ITHACA STREET RAILWAY COMPANY,
Respondent.

*Negligence — duty of a railroad company using a private street to keep planking by
the side of its tracks in repair.*

A street railway company, which, by permission of a university, constructs its
railroad upon a private street located on the university campus, owes a duty
of active vigilance to those lawfully upon the campus upon the implied
invitation of the university, and if, while a person is driving along the street
in a cutter hired from a liveryman, the cutter is overturned because of the
negligent failure of the railroad company to keep in repair a line of planking
which had originally been placed at the side of the rails for the purpose of
bridging up to them, she may recover damages against the railroad company
for the injuries done to the horse and cutter, where it appears that she has
received an assignment of such claim from the livery stable keeper.

APPEAL by the plaintiff, Lucy Bolster, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Tompkins on the 21st day of December,
1901, upon the dismissal of the complaint by direction of the court
after a trial at the Tompkins Trial Term, and also from an order
entered in said clerk's office on the 21st day of December, 1901,
denying the plaintiff's motion for a new trial made upon the minutes.

Plaintiff was driving upon a street called South avenue in the city
of Ithaca. Her cutter was overturned by the tracks of the defend-
ant's road. The horse ran away and was killed, and damages for the
injuries to the horse and cutter are what she seeks here to recover.
Upon the trial the plaintiff's complaint was dismissed. From the
judgment entered upon the direction of the court and from an
order denying a motion for a new trial this appeal is taken. Fur-
ther facts appear in the opinion.

*Myron N. Tompkins*, for the appellant.

*E. A. Denton*, for the respondent.

SMITH, J.:

The trial court properly held that the plaintiff had failed to prove
that South avenue, at the place where this accident happened, was

a public street.   The location was upon the campus of Cornell University.   This campus is the private property of the university. While there is some evidence to the effect that this street had been used by the public for at least twenty-five years, the land has been owned by Cornell University for a longer period, and the streets upon the grounds of the campus were under the exclusive care and control of the university.   There was no such use of the streets as was inconsistent with that private ownership; none other than the use permitted by the authorities of the university.

The defendant had constructed its tracks upon the grounds of the university, crossing this South avenue, upon an agreement executed with the university, whereby it entered under permission, which might be revoked at any time after three years, and under an agreement on its part to carefully construct and keep in "thorough order" all construction necessary for said road.   There was some complaint as to the improper use of a guard rail and also as to the improper use of a T rail, but the trial court rightly held, I think, that the T rail was properly used, and that the guard rail was one that was commonly used in such construction.   The burden of plaintiff's proof, however, was to the effect that the defendant had allowed the planking by the side of the rail, which had been originally placed for the purpose of bridging up to the rail, to become, through negligence, out of repair.   The proof tended to show that a depression was thus caused, by which the plaintiff's cutter was overturned.

The plaintiff was a servant in the employ of one of the professors of the university living upon the campus.   Her sister was a servant in Sage College, one of the university buildings.   Plaintiff had procured this horse and cutter and had taken her sister out into the country.   She had just returned and left her sister at Sage College, and was proceeding toward her own home when she ran into the track, which overturned her cutter and caused the accident.   The horse and cutter were owned by a liveryman who assigned his claim to the plaintiff.   Under these circumstances the learned trial court held that the plaintiff was a mere licensee, and that the defendant company owed her no duty of active diligence, and, therefore, for any negligence in allowing this planking to become out of repair neither the plaintiff nor the owner of the horse and cutter had any right of action.

From the evidence in the case it appeared that the service at Sage College was under a contract, and that plaintiff's sister was in the employ of a contractor with the university.

The owner of premises owes a duty of reasonable care to those who are invited upon such premises either expressly or impliedly, and this duty is owing to the servant of an independent contractor at work upon such premises. (1 Thomp. Neg. [2d ed.] § 979; *Mason* v. *Tower Hill Co.*, 83 Hun, 479.)

Cornell University, then, owed a duty of active diligence to the plaintiff who was impliedly invited to use the premises both as the servant of one of its professors, living upon the campus, and as lawfully upon the grounds in the service of her sister who was employed at Sage College. If, therefore, Cornell University had negligently constructed this road or had negligently suffered the same to become out of repair, by which negligence plaintiff had suffered, she would have a right of action against the university for her damages. But this defendant was by contract with the university in occupancy of this street with at least a joint duty with the university to keep the same in good repair. From this occupancy springs a duty of reasonable care to those lawfully upon the premises upon the implied invitation of the university. It is not necessary to consider here what right would accrue to plaintiff from the defendant's covenant with the university to keep its structures in good order. (See 1 Thomp. Neg. § 1157; *Clancy* v. *Byrne*, 56 N. Y. 129.) The duty is imposed by the mere fact of occupancy. It is true that the horse and cutter did not belong to the plaintiff. It was used, however, by the plaintiff, and the owner of the horse and cutter has all the rights which the plaintiff would have against the defendant for negligence which caused injury thereto. These rights were passed to plaintiff by the assignment.

We think the learned trial court erred in dismissing her complaint.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.