(125 App. Div. 642.)

## BREEN v. GILL.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

NEGLIGENCE—PERSONS LIABLE—PLEADING.

The complaint alleging that plaintiff and other workmen were working on the premises of A., that for the use of said workmen in their work there was a plank walk two feet wide, that defendant was engaged in doing work in the construction of an elevator on the premises, and that in doing it he dug an excavation several feet square and deep along said walk and negligently left it unguarded, whereby plaintiff fell into it while going along said walk in the performance of his duties, states a cause of action; no question of trespasser or licensee being involved.

Jenks and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Maurice J. Breen against Philip H. Gill. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Herbert C. Smyth (Charles C. Sanders, on the brief), for appellant. Knowlton Durham, for respondent.

GAYNOR, J. It seems to me indisputable that the dismissal of the complaint for not stating a cause of action was error. It is alleged in the complaint that the plaintiff and other workmen were working upon the premises of the American Linseed Oil Company; that for the use of the said workmen in their work there was a plank walk at a place along the water's edge which was about 40 feet long and 2 feet wide; that the defendant was engaged in doing work in the construction of a grain elevator on the said premises; and in the doing thereof he dug an excavation about 5 feet square and 7 feet deep along said walk, and negligently left it unguarded, whereby the plaintiff fell into it while going along the said walk in the performance of his duties. I see no question of trespasser or licensee in the case. The defendant had nothing to give a license of. He was only there doing work on the premises of another where many men were employed, and made an excavation along a little established highway of the place, constructed

and established for the use of the men and which they had to use in their work, and negligently omitted the everyday precaution and duty of guarding it. There is no room to talk of the plaintiff as a trespasser or licensee. On the contrary, he was there as of right.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event.

HOOKER and RICH, JJ., concur.

JENKS, J. I dissent. I think that the dismissal should be affirmed. Before a jury was impaneled the court under exception granted the defendant's motion to dismiss the plaintiff upon his pleading because it did not state a cause of action. I shall first consider the case on the theory whether the pleading states a cause of action under the rules applied to a demurrer upon like ground. Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720. Under the pleading we may determine by consideration of its allegations and by fair intendment therefrom that the plaintiff was on private premises lawfully at work. The defendant, a contractor, was at work putting up a grain·elevator on a part of the premises. There was on the premises near to the site of the elevator a board walk a few inches above the surface of the ground. It had been and was used for passage, and was in existence before the defendant went to work. The work of the defendant required him to put down into the earth a sink 5 feet square and 7 feet deep, with almost perpendicular sides. This sink was put down within a few inches of this walk. The defendant knew or ought to have known of the daily use of this walk while his work was doing. He did not protect or safeguard the sink, so as to save those passing along the walk from the mishap of falling into the sink. This mishap occurred to the plaintiff and he was injured. The·negligence charged is this omission of the defendant to safeguard the sink.

We may assume that the plaintiff was not a trespasser. Mathews v. Bensel, 51 N. J. Law, 30, 16 Atl. 195. First, the plaintiff may have been but a licensee. A licensee exercises his license under the surrounding circumstances. Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594; Larmore v. Crown Point Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718. 1 Beven on Negligence, 527, cites as a comprehensive statement of the rule the language of Pigot, C. B., in Sullivan v. Waters, 14 Ir. C. L. R. 460–475:

"A mere license given by the owner to enter and use premises which the licensee has full opportunity of inspecting, which contain no concealed cause of mischief, and in which any existing source of danger is apparent, creates no obligation in the owner ·to guard the licensee against danger."

See, too, Gallagher v. Humphrey, 6 L. T. N. S. 684; Shearman and Redfield on Negligence (2d Ed.) § 705.

The pleading presents no question of a hidden pitfall, but of an apparently open, visible excavation. The case developed may show that the work of building the elevator gave additional notice to the licensee that the conditions surrounding this work were not even normal, and

"dangerous work in plain sight is notice to a mere licensee." Vann, J., in Downes v. Elmira Bridge Co., 179 N. Y., at page 142, 71 N. E., at page 745. The duty as to a mere licensee is thus expressed in Larmore v. Crown Point Iron Co., supra:

"The duty of keeping premises in a safe condition, even as against a mere licensee, may also arise where affirmative negligence in the management of the property or business of the owner would be likely to subject persons exercising the privilege theretofore permitted and enjoyed to great danger. The case of running a locomotive without warning over a path across the railroad which had been generally used by the public without objection furnishes an example. Barry v. N. Y. C. & H. R. R. R. Co., 92 N. Y. 289, 44 Am. Rep. 377. See, also, Beck v. Carter, 68 N. Y. 283, 3 Am. Rep. 175."

And Cockburn, C. J., in Gallagher v. Humphrey, supra, says:

"It is a different question, however, where negligence on the part of the person granting the permission is superadded. It cannot be that, having granted permission to use a way subject to existing dangers, he is to be allowed to do any further act to endanger the safety of the person using the way. The plaintiff took the permission to use the way subject to a certain amount of risk and danger, but the case assumes a different aspect when the negligence of the defendant—for the negligence of his servants is his—is added to that risk and danger."

Thus in Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175, cited as an illustration in Larmore's Case, supra, the court lay stress upon this fact:

"It was a new excavation, made long after the public had been permitted to use the lot."

And in the other case cited in Larmore's Case, supra (Barry v. N. Y. C. & H. R. R. R. Co.), the court, per Andrews, J., illustrating Hounsell v. Smyth, 97 Eng. Com. Law, 731, say:

"There the plaintiff in crossing the defendant's waste land, which the public had been allowed to cross, fell into an unguarded excavation, and the court held that the plaintiff had no cause of action, because the defendant was under no legal duty to fence or otherwise guard the excavation for his protection. The plaintiff there availed himself of the license to use the premises in their existing condition, and accepted it with its attendant perils. The defendant did no affirmative act at the time by which existing conditions were changed and new perils created."

I think that the rule as to a mere licensee, and the duty to such a one as thus defined, is applicable to the defendant, if an independent contractor at work upon the premises. Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692; Murphy v. Altman, 28 App. Div. 475, 51 N. Y. Supp. 106; Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311; Shearman & Redfield on Negligence (5th Ed.) § 174. Before, then, a mere licensee can recover, he must show that he had used the way without the existence of the excavation near it, and that thereafter the affirmative negligence of the defendant had made the way more hazardous, when he knew or ought to know of its continued use by those who had theretofore used it, and that he had thus added peril without the knowledge of the licensee or without the licensee being chargeable with notice thereof.

Second, if the plaintiff was the servant of an independent contractor lawfully upon the premises, if the walk was the ordinary and cus-

tomary ingress and egress to his work, and at the time the plaintiff was rightfully using it for such purpose, then he might be regarded as under invitation. Thompson on Negligence, § 979; Bolster v. Ithaca Street Railway Co., 79 App. Div. 241, 79 N. Y. Supp. 239, affirmed 178 N. Y. 544, 70 N. E. 1096, and authorities cited. Under such conditions the question would be whether the defendant was negligent in that he could and should have safeguarded the excavation, under the rule of Beck v. Carter, supra, and the principles of Devlin v. Smith, supra, and other authorities cited with that case supra. The surrounding circumstances might be such as to make it incumbent on the defendant in exercise of due care to have afforded such protection, Beck v. Carter, supra. And, on the other hand, the element of surrounding circumstances—i. e., visible doing of work to the disturbance of the normal conditions—might bear upon the conduct of the plaintiff when he undertook to use the walk. Upon the pleading itself, although it is not beyond criticism as indefinite and vague, I think that it can be held that it states a cause of action under the liberal rules which we are accustomed to apply.

But, when the learned trial court came to dispose of the motion, the question presented to it was defined and limited by the judicial admissions of the learned counsel for the plaintiff, whose course, however, I do not pretend to criticise. In Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539, Field, J., said:

"In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set-off claimed. Indeed, any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof. And if, in the progress of a trial, either by such admission or proof, a fact is developed which must necessarily put an end to the action, the court may, upon its own motion, or that of counsel, act upon it and close the case."

The case, under the pleading and as thus presented, was that the plaintiff was the servant of a contractor. The work of that contractor was upon a different part of the private premises. The plaintiff had never used the walk before this day. It did not appear that his work carried the implied invitation to use this walk in doing that work. It did not appear that this walk was the necessary, or even the usual access to his work. And the express contention of the learned counsel was that the defendant "was under the same obligation here that any man leaving an excavation owes to the public." "The public" is indefinite. The way was upon private premises. It does not appear what right "the public" had thereon. If, under the pleading, we exclude trespassers, nevertheless the plaintiff, with rights equal to "the public" may have been but a mere licensee. It appeared that the excavation was in existence when he came upon the walk for the first time, and it could not be said that as to a mere licensee the defendant was liable under such circumstances.

If the record merely presented merely the sufficiency of the pleading, I should advise a different disposition of the appeal for the reasons which I have given.

MILLER, J., concurs.