Tucker v Kalos Health, Inc. (2022 NY Slip Op 00797)





Tucker v Kalos Health, Inc.


2022 NY Slip Op 00797


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1139 CA 20-01354

[*1]MARI TUCKER, PLAINTIFF-APPELLANT,
v
KALOS HEALTH, INC., DOING BUSINESS AS KALOS HEALTH, AND KELLY TUCKER, DEFENDANTS-RESPONDENTS. 






JACKSON & BALKIN, LOCKPORT (NICHOLAS D. D'ANGELO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, ALBANY (ANDREW S. HOLLAND OF COUNSEL), FOR DEFENDANT-RESPONDENT KALOS HEALTH, INC., DOING BUSINESS AS KALOS HEALTH.
MUSCATO, DI MILLO & VONA, L.L.P., LOCKPORT (GEORGE V.C. MUSCATO OF COUNSEL), FOR DEFENDANT-RESPONDENT KELLY TUCKER. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 8, 2020. The order and judgment, among other things, granted the motions of defendants to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages arising from the alleged disclosure by defendant Kelly Tucker (Tucker) of plaintiff's personal medical information, which was under the control of Tucker's employer, defendant Kalos Health, Inc., doing business as Kalos Health (Kalos). Plaintiff appeals from an order and judgment that, inter alia, granted defendants' respective motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint against them. We affirm.
Contrary to plaintiff's contention, Supreme Court properly granted Kalos's motion insofar it sought dismissal of the second cause of action, for breach of fiduciary duty, against it (see Doe v Guthrie Clinic, Ltd., 22 NY3d 480, 482 [2014]).
We likewise reject plaintiff's contention that the court erred in granting Kalos's motion insofar as it sought dismissal of the third cause of action, for negligent retention and supervision. "A necessary element of a cause of action to recover damages for negligent hiring, retention, or supervision is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury," and here the complaint failed to allege that Kalos knew or should have known of a propensity on the part of Tucker to commit the wrongful acts alleged in the complaint (Shu Yuan Huang v St. John's Evangelical Lutheran Church, 129 AD3d 1053, 1054 [2d Dept 2015] [internal quotation marks omitted]; see generally White v Diocese of Buffalo, N.Y., 138 AD3d 1470, 1471 [4th Dept 2016]). Instead, the complaint alleges that Tucker's conduct was specifically directed at plaintiff for personal reasons.
We reject plaintiff's contention that defendants' motions should have been denied as premature in light of the need for further discovery inasmuch as plaintiff made no showing that "additional discovery would disclose facts essential to justify opposition to defendants' motion[s]" (Spring v County of Monroe, 151 AD3d 1694, 1696 [4th Dept 2017] [internal [*2]quotation marks omitted]).
By failing to raise a contention opposing the dismissal of any other aspect of her complaint, plaintiff has abandoned any further challenge to the court's order and judgment (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court