Druger v Syracuse Univ. (2022 NY Slip Op 04463)

Druger v Syracuse Univ.

2022 NY Slip Op 04463

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

383 CA 21-00603

[*1]ROBERT K. DRUGER, PLAINTIFF-RESPONDENT,
v
SYRACUSE UNIVERSITY, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

MANATT, PHELPS & PHILLIPS, LLP, NEW YORK CITY (ANDREW L. MORRISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
POWERS & SANTOLA, LLP, ALBANY (KELLY C. WOLFORD OF COUNSEL), THOMAS LEGAL COUNSELORS AT LAW, LLC, NEW YORK CITY, AND MANLY, STEWART & FINALDI, IRVINE, CALIFORNIA, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Patrick F. MacRae, J.), entered March 25, 2021. The order, among other things, denied in part the motion of defendant Syracuse University to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that he was sexually abused in 1980 by a graduate student of defendant Syracuse University (SU) who was also employed by SU as a resident advisor (employee). SU and defendant Board of Trustees of Syracuse University thereafter filed a pre-answer motion to dismiss the amended complaint against them. SU appeals from an order that, inter alia, denied in part the motion insofar as it sought dismissal of the amended complaint against it. At the time of the alleged abuse, plaintiff was 17 years of age, i.e., the legal age of consent in New York (see Penal Law § 130.05 [3] [a]). Although we agree with SU that plaintiff was required to plead factual allegations related to his lack of consent in order to allege "conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law" (CPLR 214-g [emphasis added]), and for the claims in the amended complaint to thereby be "revived" for statute of limitations purposes (cf. S.H. v Diocese of Brooklyn, 205 AD3d 180, 187 [2d Dept 2022]), we conclude that "[t]he factual allegations . . . sufficiently establish the complainant's lack of consent within the meaning of Penal Law
§ 130.05" (People v Hatton, 26 NY3d 364, 370 [2015]; see also § 130.05 [2] [a]).
Contrary to SU's further contentions, we conclude that the amended complaint states causes of action against it for negligence and negligent hiring, retention, training and supervision (see generally CPLR 3211 [a] [7]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), we "must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . 'the benefit of every possible favorable inference' " (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
With respect to the claim for negligence, SU contends that plaintiff failed to allege that it owed him a duty of care. We reject that contention inasmuch as the allegations of the amended complaint provide a basis to find that SU had a duty to plaintiff (see generally Luina v Katharine [*2]Gibbs School N.Y., Inc., 37 AD3d 555, 556 [2d Dept 2007]; Ayeni v County of Nassau, 18 AD3d 409, 410 [2d Dept 2005]; cf. generally Bolster v Ithaca St. Ry. Co., 79 App Div 239, 241 [3d Dept 1903], affd 178 NY 554 [1904]).
With respect to the cause of action for negligent hiring, retention, training and supervision, SU contends that plaintiff failed to adequately plead that SU had reason to know of the employee's propensity to commit sexual abuse. "To establish a cause of action based on negligent hiring and supervision, it must be shown that 'the employer knew or should have known of the employee's propensity for the conduct which caused the injury' " (Jackson v New York Univ. Downtown Hosp., 69 AD3d 801, 801 [2d Dept 2010]; see Tucker v Kalos Health, Inc., 202 AD3d 1505, 1506 [4th Dept 2022]). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of the employee" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1096 [2d Dept 2021] [internal quotation marks omitted]; see Miller v Miller, 189 AD3d 2089, 2090-2091 [4th Dept 2020]). Contrary to SU's contention, the amended complaint sufficiently alleges that SU knew or should have known about the employee's propensity to sexually abuse young boys (cf. Ghaffari v North Rockland Cent. School Dist., 23 AD3d 342, 343 [2d Dept 2005]).
We have reviewed SU's remaining contention and conclude that it lacks merit.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court