Shapiro v Syracuse Univ. (2022 NY Slip Op 04835)

Shapiro v Syracuse Univ.

2022 NY Slip Op 04835

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

301 CA 21-00604

[*1]JOHN SHAPIRO, DAVID SWEET AND A.A., PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
SYRACUSE UNIVERSITY, DEFENDANT-APPELLANT, BOARD OF TRUSTEES OF SYRACUSE UNIVERSITY, DEFENDANT, CAMP GREYLOCK FOR BOYS, INC., CAMP GREYLOCK, INC., ALSO KNOWN AS MARHORN, INC., MICHAEL MARCUS, AND LUKAS HORN, DEFENDANTS-RESPONDENTS. 

POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
MANATT, PHELPS & PHILLIPS, LLP, NEW YORK CITY (ANDREW L. MORRISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HARRIS BEACH PLLC, PITTSFORD (SVETLANA K. IVY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeals from an order of the Supreme Court, Onondaga County (Patrick F. MacRae, J.), entered March 25, 2021. The order denied in part the motion of defendants Syracuse University and Board of Trustees of Syracuse University to dismiss the amended complaint against them and granted the motion of defendants Camp Greylock, Inc., also known as Marhorn, Inc., Michael Marcus and Lukas Horn insofar as it sought summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendants Camp Greylock, Inc., also known as Marhorn, Inc., Michael Marcus and Lukas Horn insofar as it sought summary judgment dismissing the first and second causes of action of plaintiffs John Shapiro and David Sweet against Camp Greylock, Inc. and reinstating those causes of action to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this personal injury action against defendants pursuant to the Child Victims Act (CVA) (see CPLR 214-g). Defendants Syracuse University (SU) and the Board of Trustees of Syracuse University (Board) thereafter made a pre-answer motion to dismiss the amended complaint against them arguing, inter alia, that the amended complaint failed to state a cause of action. Defendants Camp Greylock, Inc., also known as Marhorn, Inc. (Greylock), Michael Marcus, and Lukas Horn (collectively, Greylock defendants) made a motion seeking, inter alia, summary judgment dismissing the amended complaint against them contending that plaintiffs' claims are time barred and that the Greylock defendants have no liability for any injuries suffered by plaintiffs. The order appealed from, among other things, denied the motion of SU and the Board insofar as the motion sought to dismiss the negligence claim and the negligent hiring, supervision, retention and training cause of action against SU, and granted the motion of the Greylock defendants insofar as it sought summary judgment dismissing the amended complaint against them. SU appeals and, as limited by their brief, plaintiffs appeal from that part of the order granting the Greylock defendants' motion insofar as it sought summary judgment dismissing the first and second causes of action against Greylock.
With respect to SU's appeal, we note that the amended complaint insofar as asserted against SU alleges that plaintiff John Shapiro was sexually abused in 1981 and 1982 by a graduate student of SU who was employed by SU as a resident advisor (employee). At the time of the alleged abuse in 1982, Shapiro was 17 years of age, i.e., the legal age of consent in New York (see Penal Law § 130.05 [3] [a]). Although we agree with SU that Shapiro was required to plead factual allegations related to his lack of consent in order to assert an offense under Penal Law article 130 and for the claims in the amended complaint to thereby be "revived" under CPLR 214-g for statute of limitations purposes, we conclude that " '[t]he factual allegations
. . . sufficiently establish the complainant's lack of consent within the meaning of Penal Law § 130.05' " (Druger v Syracuse Univ., — AD3d &mdash, &mdash, 2022 NY Slip Op 04463, *1 [4th Dept 2022], quoting People v Hatton, 26 NY3d 364, 370 [2015]; see also § 130.05 [2] [a]).
Contrary to SU's further contentions, we conclude that the amended complaint states causes of action for negligence and negligent hiring, supervision, retention, and training (see generally CPLR 3211 [a] [7]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), we "must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . 'the benefit of every possible favorable inference' " (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
With respect to the claim for negligence, SU contends that Shapiro failed to allege that it owed him a duty of care. We reject that contention inasmuch as the allegations of the amended complaint provide a basis to find that SU had a duty to Shapiro (see Druger, — AD3d at &mdash, 2022 NY Slip Op 04463 at *1; see generally Luina v Katharine Gibbs School N.Y., Inc., 37 AD3d 555, 556 [2d Dept 2007]; Ayeni v County of Nassau, 18 AD3d 409, 410 [2d Dept 2005]; cf. generally Bolster v Ithaca St. Ry. Co., 79 App Div 239, 241 [3d Dept 1903], affd 178 NY 554 [1904]).
With respect to the cause of action for negligent hiring, supervision, retention and training, SU contends that Shapiro failed to adequately plead that SU had reason to know of the employee's propensity to commit sexual abuse. "To establish a cause of action based on negligent hiring and supervision, it must be shown that 'the employer knew or should have known of the employee's propensity for the conduct which caused the injury' " (Jackson v New York Univ. Downtown Hosp., 69 AD3d 801, 801 [2d Dept 2010]; see Tucker v Kalos Health, Inc., 202 AD3d 1505, 1506 [4th Dept 2022]). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of the employee" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1096 [2d Dept 2021] [internal quotation marks omitted]; see Miller v Miller, 189 AD3d 2089, 2090-2091 [4th Dept 2020]). Contrary to SU's contention, the amended complaint sufficiently alleges that SU knew or should have known about the employee's propensity to sexually abuse young boys (see Druger, — AD3d at &mdash, 2022 NY Slip Op 04463 at *2; cf. Ghaffari v North Rockland Cent. School Dist., 23 AD3d 342, 343 [2d Dept 2005]).
With respect to plaintiffs' appeal, the relevant causes of action against Greylock stem from the employee's employment in the 1970s as a camp counselor and coach at Camp Greylock for Boys, a summer camp located in Becket, Massachusetts. Plaintiffs contend that their claims are subject to the CVA revival statute and that Supreme Court therefore erred in granting the Greylock defendants' motion insofar as it sought summary judgment dismissing the first and second causes of action against Greylock on statute of limitations grounds.
CPLR 214-g provides, as relevant here: "Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . , every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age . . . which is barred as of the effective date of this section because the applicable period of limitation has expired . . . is hereby revived and action thereon may be commenced not earlier than six months after, and not later than two years and six months [*2]after the effective date of this section." Inasmuch as there is no "clear expression of intent to the contrary," and inasmuch as the causes of action delineated in CPLR 214-g are "cognizable at common law," we conclude that CPLR 214-g is properly regarded as a statute of limitations (Clark v Abbott Labs., 155 AD2d 35, 40 [4th Dept 1990]; see Matter of M.C. v State of New York, 74 Misc 3d 682, 701 [Ct Cl 2022]; see generally Gallewski v H. Hentz & Co., 301 NY 164, 171, 174-175 [1950]).
We further conclude that "the plain language of the introductory clause in CPLR 214-g . . . , which states '[n]otwithstanding any provision of law which imposes a period of limitation to the contrary' (emphasis added), is meant to avoid the statute of limitations that would have ordinarily been applicable to the causes of action at issue," i.e., here, the three-year period of limitations applicable to the plaintiffs' causes of action sounding in negligence as set forth in CPLR 214 (5), but does not "override the provisions" of CPLR 202, New York's "borrowing" statute (S. H. v Diocese of Brooklyn, 205 AD3d 180, 195 [2d Dept 2022]; see Besser v E.R. Squibb & Sons, 146 AD2d 107, 116 [1st Dept 1989], affd 75 NY2d 847 [1990]).
Here, it is undisputed that the claims against Greylock arise from sexual abuse that occurred in Massachusetts at Camp Greylock for Boys in the 1970s. It is further undisputed that, during the relevant period, plaintiff A.A. was a New Jersey resident. "When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation[s] periods of both New York and the jurisdiction where the cause of action accrued" (Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1999]; see S. H., 205 AD3d at 190). In tort cases, the Court of Appeals has held that "a cause of action accrues at the time and in the place of the injury" (Global Fin. Corp., 93 NY2d at 529). Thus, for A.A.'s claims to survive, they must be timely under both CPLR 214-g and the applicable Massachusetts statute of limitations. Inasmuch as the relevant Massachusetts statute of limitations requires tort actions to be commenced within three years after accrual (see Mass Gen Laws Ann ch 260, § 2A), A.A.'s first and second causes of action against Greylock are time-barred and the court properly granted the Greylock defendants' motion to that extent.
It is further undisputed that Shapiro and plaintiff David Sweet were New York residents when the first and second causes of action accrued. Pursuant to the "resident exception" of the borrowing statute (Tanges v Heidelberg N. Am., 93 NY2d 48, 53 [1999]), a claim that accrues in favor of a New York resident will be governed by the New York statute of limitations regardless of where the claim accrued (see CPLR 202; see also Antone v Gen. Motors Corp., Buick Motor Div., 64 NY2d 20, 26 [1984]). We therefore agree with Shapiro and Sweet that the CVA revival statute applies and that the court erred in granting the Greylock defendants' motion insofar as it sought summary judgment dismissing the first and second causes of action of Shapiro and Sweet against Greylock (see generally CPLR 202, 214-g), and we modify the order accordingly.
Finally, we agree with the court's determination that Greylock failed to establish a lack of successor liability for the alleged torts of Camp Greylock for Boys, and it is not entitled to summary judgment dismissing the first and second causes of action of Shapiro and Sweet against it on those grounds (see generally Schumacher v
Richards Shear Co., 59 NY2d 239, 244-245 [1983]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court