Wolloch v United Synagogue of Conservative Judaism (2023 NY Slip Op 04416)

Wolloch v United Synagogue of Conservative Judaism

2023 NY Slip Op 04416

Decided on August 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 24, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 950017/21 Appeal No. 433 Case No. 2022-03860 

[*1]Samuel Wolloch, Plaintiff-Respondent,
v
The United Synagogue of Conservative Judaism et al., Defendants-Appellants.

Goldberg Segalla, LLP, Albany (Jonathan M. Bernstein of counsel), for appellants.
Levy Konigsberg LLP, New York (Matthew Shock of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about August 18, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.
The Child Victims Act (CVA), codified in CPLR 214-g, provides, in relevant part that "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions . . . for . . . injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in [Penal Law article 130] committed against a child less than eighteen years of age . . . , which is barred as of the effective date of this section because the applicable period of limitation has expired, . . . is hereby revived" for a two-year period which ended on August 14, 2021. Plaintiff's action was commenced within the appropriate window.
Defendants argue, however, that CPLR 214-g does not revive plaintiff's claims because the alleged sexual abuse occurred out of state—namely, in Yellowstone National Park during a cross-country bus trip sponsored by defendant United Synagogue Youth, a branch of defendant United Synagogue of Conservative Judaism (USCJ). Defendants rely principally on Goshen v Mutual Life Ins. Co. of N.Y. (286 AD2d 229 [1st Dept 2001], affd 98 NY2d 314 [2002]) for the proposition that applying CPLR 214-g to revive plaintiff's claims would be an impermissible extraterritorial application of the statute. Goshen, which addresses whether General Business Law § 349 permits redress for injuries caused by out-of-state deceptive business practices, is inapposite for a number of reasons. First, in contrast to CPLR 214-g—which is silent on the subject of territorial application but applies to "every" covered claim—General Business Law § 349 explicitly limits its application to deceptive business practices "in this state" (Goshen,98 NY2d at 324-325). In addition, plaintiff here asserts common-law tort claims, whereas General Business Law § 349 involves a legislatively-created private right of action (id. at 324; see Schultz v Boy Scouts of Am., 65 NY2d 189, 198 [1985] [law of common domicile favored where "conduct of a codomiciliary . . . was tortious under the laws of both jurisdictions"]). Finally, the statutory claim in Goshen was brought by a Florida resident who bought his insurance policy in Florida from a Florida based insurance agent; plaintiff here is a New York resident, and defendant USCJ is a domestic organization with its principal place of business in New York. Ultimately, defendants acknowledge that this suit would have been properly adjudicated in New York had it been timely brought prior to the enactment of the CVA.
Defendants' essential argument is therefore that CPLR 214-g, inasmuch as it refers to conduct which would constitute a sexual offense as defined in New York's Penal Law, applies only to claims based on acts committed within New [*2]York State. Contrary to defendants' position, "it is not a violation of one of the enumerated penal statutes that is required to trigger the revival of certain civil causes of action, but rather it is 'conduct which would constitute' [] a sexual offense as defined in article 130 of the Penal Law" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 187 [2d Dept 2022]). New York's criminal statutes' territorial limitations are, thus, not a basis for excluding claims under the CVA (id.). Rather, references to the Penal Law in CPLR 214-g serve to define the nature of acts covered.
The purpose of the CVA was "to remedy the injustices to survivors of child sexual abuse by extending New York's restrictive statutes of limitations that required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse" (S.H., 205 AD3d at 186; see Anonymous v Castagnola, 210 AD3d 940, 944 [2d Dept 2022]). More importantly, its plain language revived "every" covered "civil claim or cause of action" that would have been properly brought in New York in the first instance, of course subject to applicable provisions of the CPLR, including CPLR 202 (see Shapiro v Syracuse Univ., 208 AD3d 958, 961-962 [4th Dept 2022]). Defendants' argument, which, if adopted, would exclude a certain set of those claims, is therefore without merit.
Accordingly, plaintiff's claims against defendants were properly revived under CPLR 214-g. Even though the alleged sexual abuse occurred outside of New York,
plaintiff was a New York resident at the time the action accrued (see id. at 962).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 24, 2023