Doe v Houk (2024 NY Slip Op 00526)

Doe v Houk

2024 NY Slip Op 00526

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, AND NOWAK, JJ.

830 CA 22-01724

[*1]JOHN PM DOE, PLAINTIFF-RESPONDENT,
v
BARBARA HOUK, DEFENDANT-APPELLANT, FABIUS-POMPEY CENTRAL SCHOOL DISTRICT, ET AL., DEFENDANTS. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JENNIFER L. WANG OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRANTZ & BERMAN LLP, NEW YORK CITY (HUGH D. SANDLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Jeffrey A. Tait, J.), entered September 28, 2022. The order denied the motion of defendant Barbara Houk for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was a student in the late 1970s and early 1980s in defendant Fabius-Pompey Central School District, during which time Barbara Houk (defendant), who was then in her late 20s and early 30s, was plaintiff's French teacher. According to plaintiff, he first met defendant when he was a 14-year-old student in defendant's freshman French class, and defendant continued to teach plaintiff's class each year of high school as he aged from 14 years old to 17 years old. Eventually, starting in January 1980 during plaintiff's junior year when he was 16 years old, defendant allegedly began engaging plaintiff in progressively more intimate and personal conversations during a study hall period. Defendant thereafter allegedly began hosting plaintiff at her apartment, ostensibly to continue their conversations. Starting in late March and early April 1980, defendant allegedly began engaging plaintiff in various forms of sexual contact, including intercourse, at her apartment and elsewhere. The purported sexual conduct continued from April to August 1980, during which period plaintiff turned 17 years old in late April 1980.
Plaintiff commenced this action pursuant to the Child Victims Act (CVA) (see CPLR 214-g) against defendant and several school district defendants seeking damages for personal injuries he sustained as a result of the purported incidents of sexual abuse, which plaintiff alleged constituted sexual offenses as defined in Penal Law article 130 against a child who was less than 18 years old. Supreme Court, in denying defendant's motion for summary judgment dismissing the complaint against her, agreed with defendant that the CVA revived only those claims for injuries suffered as a result of conduct that constituted a specified sexual offense as defined by the Penal Law at the time that the conduct occurred, but nonetheless concluded that sexual abuse in the third degree (Penal Law former § 130.55) could serve as the predicate sexual offense for revival of plaintiff's claims against defendant. With respect to defendant's alternative argument that any claims premised on conduct occurring after plaintiff turned 17 years old must be dismissed on the ground that the sexual relationship was consensual and there was no statutory bar to consent at that point, the court concluded that defendant was not entitled to summary judgment because the issue of plaintiff's consent could not be resolved on the record before it. Defendant appeals, and we now affirm.
Defendant contends on both procedural and substantive grounds that the court erred in determining that plaintiff could rely on the offense of sexual abuse in the third degree as defined in Penal Law former § 130.55 to revive his tort claims under the CVA. Defendant contends in particular that, as a matter of procedure, plaintiff improperly raised the offense of sexual abuse in the third degree for the first time in opposition to her motion for summary judgment, and thus the court erred in considering the conduct proscribed by that provision as a basis upon which plaintiff could revive his claims against defendant under the CVA. We reject that contention. Initially, we note that plaintiff adequately stated a cause of action under the CVA by pleading that defendant's alleged conduct detailed in the complaint constituted sexual offenses as defined in Penal Law article 130 against a child who was less than 18 years old (see Brown v University of Rochester, 216 AD3d 1328, 1330, 1332-1333 [3d Dept 2023]). Moreover, contrary to defendant's contention, we conclude under the circumstances of this case that plaintiff "may properly rely on [Penal Law former § 130.55] despite the fact that it is raised for the first time in opposition to the motion . . . and is not set forth in the complaint or [a] bill of particulars" inasmuch as his "reliance thereon 'raises no new factual allegations or theories of liability and results in no discernible prejudice to [defendant]' " (Smith v Nestle Purina Petcare Co., 105 AD3d 1384, 1386 [4th Dept 2013]; see Martin v Niagara Falls Bridge Commn., 162 AD3d 1604, 1606 [4th Dept 2018]).
Next, defendant contends as a matter of substance that a claimed violation of Penal Law former § 130.55 cannot revive plaintiff's claims against her because the provision, as it existed in 1980, did not place defendant and others similarly situated on notice that a female could commit the crime of sexual abuse in the third degree by subjecting a male to sexual contact without his consent. Plaintiff responds that defendant's contention lacks merit because statutory definitions, rules of construction, New York jurisprudence, and common sense all demonstrate that Penal Law former § 130.55 was gender neutral at the time that the alleged sexual abuse occurred. Plaintiff does not reprise on appeal, even as an alternative ground for affirmance, the argument he raised in opposition to the motion that the CVA allows for the revival of claims to recover for harm that resulted from prior conduct that would constitute a sexual offense under the current Penal Law. Inasmuch as we agree with plaintiff that defendant's purported conduct would constitute sexual abuse in the third degree as defined by Penal Law former § 130.55 even as it existed in 1980, we need not address on this appeal the issue of statutory interpretation whether the conduct bringing a tort claim within the scope of the CVA must constitute a specified offense under the current Penal Law or under the applicable criminal law as it existed at the time of the conduct.
In 1980, Penal Law former § 130.55 provided, along with an affirmative defense that would not apply here due to the age gap between defendant and plaintiff, that "[a] person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter's consent" (Penal Law former § 130.55, as added by L 1965, ch 1030). According to defendant, inasmuch as the statute used the word "he" to describe the perpetrator of the offense, females were exempt from that criminal prohibition and could not be guilty of sexually abusing a male until 2001 after the legislature updated the statute to add the language "or she" (§ 130.55, as amended by L 2000, ch 1, § 39). Contrary to defendant's contention, we conclude that the statute proscribed sexual abuse committed by females in 1980 because Penal Law former § 130.55 applied to any "person"—relevantly defined as a "human being" (§ 10.00 [7])—and, as the court correctly determined, the term "he" in the statute was the "universal 'he' " in common usage at the time that referred generally to males, females, and fictitious persons such as corporations. The universal, gender-neutral language in Penal Law former § 130.55 was in contrast to the gender-specific language used in the statutes concerning rape, such as the provision prohibiting statutory rape, which provided at that time that "[a] male is guilty of rape in the third degree when . . . [b]eing [21] years old or more, he engages in sexual intercourse with a female less than [17] years old" (former
§ 130.25 [2] [emphasis added]). Even beyond the statutory text itself, General Construction Law former § 22, which would have applied to Penal Law former § 130.55, provided that "[w]ords of the masculine gender include the feminine and the neuter" (see People v Reilly, 85 Misc 2d 702, 710-711 [Westchester County Ct 1976]). Moreover, contrary to defendant's suggestion, it was understood that, even prior to the addition of the "or she" language to the sexual abuse offenses under the Penal Law effective in 2001 (see L 2000, ch 1, §§ 39, 40, 41), females could be prosecuted and found guilty of sexual abuse for their own personal conduct directed against another person (see People v Bockeno, 124 AD2d 1008, 1008-1009 [4th Dept 1986], lv denied 69 [*2]NY2d 744 [1987]).
Inasmuch as plaintiff was incapable of consent by virtue of his age prior to turning 17 years old (see Penal Law former § 130.05 [3] [a]) and there is no merit to defendant's contention that she could not have engaged in conduct constituting the sexual offense of sexual abuse in the third degree in 1980 (see former § 130.55), plaintiff is entitled to rely on that offense as a predicate for the revival of his tort claims against defendant under the CVA, and defendant's related contentions therefore necessarily fail.
Defendant contends in the alternative that the court erred in determining that she was not entitled to summary judgment dismissing plaintiff's claims for damages arising from alleged sexual conduct that occurred after he turned 17 years old—i.e., the legal age of consent—because, contrary to the court's conclusion, the record establishes as a matter of law that plaintiff consented to all alleged sexual contact during that time period. We reject that contention.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Under our case law, a CVA claim premised on conduct that occurred when the plaintiff was 17 years old will be revived under CPLR 214-g for statute of limitations purposes only where the plaintiff lacked consent within the meaning of Penal Law § 130.05 because, otherwise, the conduct upon which the claim is predicted would not "constitute a sexual offense as defined in [Penal Law article 130]" (CPLR 214-g; see Shapiro v Syracuse Univ., 208 AD3d 958, 959 [4th Dept 2022]; Druger v Syracuse Univ., 207 AD3d 1153, 1153 [4th Dept 2022]). Here, viewing the facts in the light most favorable to plaintiff as the nonmovant and drawing every available inference in his favor (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we conclude that defendant failed to eliminate the material issue of fact whether there were "any circumstances . . . in which [plaintiff] d[id] not expressly or impliedly acquiesce in [defendant's] conduct" during the relevant time period (Penal Law former § 130.05 [2] [c]) and, in any event, plaintiff's submissions in opposition to the motion raised an issue of fact in that regard (see generally Alvarez, 68 NY2d at 324).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court