*Harrington v. Crouse Hospital*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

JANICE HARRINGTON,

> *Plaintiff-Appellant*,

v.                                                                          24-2970

CROUSE HOSPITAL, BYUONG RYU, M.D.,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | KELLY A. MAGNUSON, Harding Mazzotti, LLP, Albany, NY. |
| For Defendants-Appellees: | GABRIELLE L. BULL (Charles Earl Patton, *on the brief*), Martin, Ganotis, Brown, Mould & Currie, P.C., Dewitt, NY, *for Dr. Byuong Ryu*. |
| | KATHERINE A. BUCKLEY, Gale Gale & Hunt, LLC, Fayetteville, NY, *for Crouse Hospital*. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Janice Harrington appeals a final judgment entered by the United States District Court for the Northern District of New York (Hurd, *J.*), dismissing her complaint as barred by New York's statute of limitations. In 2006, Dr. Byoung Ryu performed an episiotomy on Harrington while she was giving birth. After suffering from complications for over a decade, Harrington sued Defendants-Appellees Ryu and Crouse Hospital for sexual assault, battery, and intentional infliction of emotional distress. In her complaint, Harrington asserted that her claims were made timely by New York's Adult Survivors Act. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM.**

We review *de novo* a district court's grant of a motion to dismiss. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). In so doing, we accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor to determine whether they have stated a claim for relief that is plausible on its face. *Specht v. City of New York*, 15 F.4th 594, 599 (2d Cir. 2021); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Generally, "the lapse of a limitations period is an affirmative defense that a defendant"—not the plaintiff—"must plead and prove." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (citation and brackets omitted). Nonetheless, a court may dismiss a complaint as barred by the statute of limitations where "the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

2

In New York, the statute of limitations for sexual assault, battery, and intentional infliction of emotional distress is one year from the date of occurrence. N.Y. C.P.L.R. § 215(3). However, the Adult Survivors Act revived "every civil claim . . . alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law." *Id.* § 214-j. These previously untimely actions could be brought no later than "one year and six months after" the Act's enactment date, May 24, 2022. *Id.* Applied here, the district court correctly dismissed Harrington's complaint as barred by the statute of limitations because she failed plausibly to allege conduct that would constitute a sexual offense under Article 130. *See Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 664 (S.D.N.Y. 2024); *cf. Druger v. Syracuse Univ.*, 207 A.D.3d 1153, 1153 (4th Dep't . 2022).

Harrington claims on appeal that she plausibly alleged that Dr. Ryu engaged in conduct that constituted forcible touching and aggravated sexual abuse. We disagree. Harrington has not plausibly alleged that Dr. Ryu's conduct constituted forcible touching, because her complaint does not state any facts supporting the inference that Dr. Ryu performed the episiotomy to degrade or abuse her, or to gratify his sexual desire. N.Y. Penal Law §130.52(1). Nor has Harrington plausibly alleged that Dr. Ryu's conduct constituted aggravated sexual abuse, because her complaint does not state any facts supporting the inference that she was unable to consent to the conduct—due to forcible compulsion, age, mental disability or incapacity, or physical helplessness. *See, e.g.*, N.Y. Penal Law §§ 130.66(1)(a), 130.00(8); *id.* § 130.66(1)(c–d); *id.* §§ 130.66(2), 130.00(5–6); *id.* §§ 130.70(1)(b), 130.00(7). Harrington's complaint merely states that Dr. Ryu performed an episiotomy without her consent and knowledge while she was lying down. This conclusory statement, without more, is insufficient to allege that Dr. Ryu's conduct constituted

3

aggravated sexual abuse.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (concluding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).  As a result, the Adult Survivors Act does not revive her time-barred claims.

* * *

We have considered Harrington's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4