VanHooser v Fine

2026 NY Slip Op 02519

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

FLOYD VAN HOOSER, PLAINTIFF-APPELLANT,

v

BERNARD ARTHUR FINE, SYRACUSE UNIVERSITY, ETASAM, INC., SIGMA ALPHA MU FRATERNITY, INC., AND SIGMA ALPHA MU/ETA CHAPTER, DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

148 CA 24-01791

Present: Whalen, P.J., Lindley, Curran, And Smith, JJ.

THE ZALKIN LAW FIRM, LLP, NEW YORK CITY (ELIZABETH A. CATE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SAUL EWING LLP, NEW YORK CITY (MICHAEL A. JACOBSON, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ETASAM, INC., SIGMA ALPHA MU FRATERNITY, INC., AND SIGMA ALPHA MU/ETA CHAPTER.

HANCOCK ESTABROOK, LLP, SYRACUSE (MARY D'AGOSTINO OF COUNSEL), FOR DEFENDANT-RESPONDENT SYRACUSE UNIVERSITY.

LAW OFFICE OF DANIEL M. SLEASMAN, ALBANY (DANIEL M. SLEASMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT BERNARD ARTHUR FINE.

Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered September 27, 2024. The order granted the motions of defendants to dismiss the amended complaint.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended complaint is reinstated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this personal injury action pursuant to the Adult Survivors Act (ASA) (see CPLR 214-j), alleging that he was sexually abused by an employee of defendant Syracuse University while plaintiff was employed at a fraternity house associated with the university. Defendants filed pre-answer motions to dismiss the amended complaint against them. Supreme Court granted the motions insofar as they sought dismissal of the amended complaint as untimely, and plaintiff appeals.

We agree with plaintiff that the court erred in granting the motions insofar as they sought dismissal of the amended complaint as untimely based on plaintiff's failure to sufficiently allege conduct constituting a sexual offense as defined in Penal Law article 130, as necessary to revive the claims under the ASA (see generally CPLR 3211 [a] [5], [7]). Although plaintiff was required to plead factual allegations related to his lack of consent in order to allege "conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law" [*2](CPLR 214-j) and thereby "revive" the claims in the amended complaint for statute of limitations purposes, we conclude that the factual allegations in the amended complaint sufficiently assert plaintiff's lack of consent within the meaning of Penal Law § 130.05 (see Shapiro v Syracuse Univ., 208 AD3d 958, 959 [4th Dept 2022]; Druger v Syracuse Univ., 207 AD3d 1153, 1153 [4th Dept 2022]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Druger, 207 AD3d at 1154).

Inasmuch as the court did not address the alternative grounds for dismissal raised in the motions, we remit the matter to Supreme Court to consider those contentions in the first instance (see Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC, 181 AD3d 1180, 1181 [4th Dept 2020]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court